**LIBERTY MUTUAL INSURANCE CO.,**
Plaintiff, Appellant,

v.

**FOREMOST–McKESSON, INC.,**
Defendant, Appellee.

Nos. 84–1373, 84–1374.

United States Court of Appeals,
First Circuit.

Heard Oct. 2, 1984.

Decided Jan. 11, 1985.

Steven A. Rusconi, Boston, Mass., with whom Christopher C. Mansfield and Kevin M. Orme, Boston, Mass., were on brief for plaintiff, appellant.

Charles R. Dougherty, Boston, Mass., with whom Gael Mahony, Hill & Barlow, Boston, Mass.; and Jerold Oshinsky, Sherry W. Gilbert, and Anderson, Baker, Kill & Olick, Washington, D.C., were on brief for defendant, appellee.

Before COFFIN, BOWNES, and TIMBERS *, Circuit Judges.

TIMBERS, Circuit Judge:

The question presented is whether the district court correctly exercised its discretion in staying proceedings in the Massachusetts District Court pending the outcome of a related action in the California Superior Court. We hold that it did.

Appellant, Liberty Mutual Insurance Company (Liberty Mutual), commenced this diversity action on April 26, 1982 against appellee, Foremost-McKesson, Inc. (McKesson), seeking a declaratory judgment as to its rights and obligations under liability insurance policies issued by appellant to appellee. On May 9 and June 13, 1983, McKesson moved in the district court for a stay of the proceedings in that court pending the outcome of the related action which had been commenced in 1981 in the Superior Court for the County of Los Angeles, California (*Continental National Assurance Co. v. Liberty Mutual Insurance Co.* (No. C 380986)). The motion for a stay was granted by the district court on November 17, 1983. Liberty Mutual thereafter moved for relief from the order staying the proceedings, which relief was denied by the district court on April 6, 1984. The instant appeal is from the orders of November 17, 1983 and April 6, 1984.

## I.

McKesson manufactured a synthetic estrogen known as diethlstibestrol (DES). Liberty Mutual was its insurer for a long period of time ending in 1970. From 1970 to 1977, McKesson was insured by Continental National Assurance Co. (CNA). Since 1970, McKesson has been named as a defendant in numerous actions commenced by individuals who have alleged that they sustained injuries caused by exposure to various chemicals and pharmaceutical products, including DES, which were sold, distributed or manufactured by McKesson. The central issue in the instant action in the district court is whether Liberty Mutu-

al must indemnify McKesson for liability where the underlying tort actions allege "exposure" to DES during the period of coverage or only in those actions which allege "manifestation" of injuries during the relevant period. Most "manifestations" allegedly occurred during the period when CNA was insuring McKesson.

Both sides served requests for the production of documents and filed a number of pre-trial motions during the period between July 26, 1982 and June 13, 1983. Although McKesson sought and obtained several extensions of time in which to respond, both sides produced documents pursuant to the various discovery requests. No depositions have been taken as yet.

On August 19, 1981, prior to commencement of the instant action, the action referred to above was commenced in the Superior Court in California by CNA, against Liberty Mutual and others, involving DES liability coverage, as well as liability coverage for other products that McKesson manufactured, such as Benzene. Liberty Mutual was served with a summons and complaint on August 16, 1982. On June 10, 1983, McKesson filed a cross-complaint in the California action, naming Liberty Mutual, CNA and other insurers as defendants in the cross-complaint. The purpose of the cross-complaint was to bring before the California court all of McKesson's insurers so as to resolve comprehensively McKesson's coverage for claims arising out of exposure to any products it may have manufactured, sold or distributed.

McKesson's motions in the district court for a stay of the federal action were made and ruled upon as stated above.

## II.

■ Preliminarily, in response to the arguments of the parties addressed to the issue, we hold that the order of the district court staying the instant action pending the outcome of the related state court proceedings is an appealable final decision under 28 U.S.C. § 1291 (1982). *Moses H. Cone*

---

* Of the Second Circuit, by designation.

*Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 8–9 (1983). Here, as in *Moses*, the state action embraces the same issue as is involved in the federal action, and the res judicata effect of resolution of the state action would preclude further litigation in the district court. *Id.* at 10.

### III.

The stay granted by the district court here was not based on considerations of federal-state comity or avoidance of constitutional decisions, but rather on a concern for judicial economy. In such cases, "[o]nly the clearest of justifications" will warrant what amounts to a dismissal. *Moses, supra,* at 16, *quoting Colorado River Water Conservation District v. United States*, 424 U.S. 800, 819 (1976). The Supreme Court has declined to create a "mechanical checklist" but instead requires a balancing of the important factors that apply in each case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses, supra,* at 16. We hold that this case presents the requisite exceptional circumstances to justify a stay of the federal litigation. *Colorado River, supra,* at 818.

Here, as in *Colorado River,* piecemeal litigation could severely prejudice the rights of one of the parties. *Colorado River, supra,* at 818–19. If the federal and state actions were to proceed concurrently, there is the real possibility that the two courts might interpret the same standard policy language differently, with the result that McKesson would find itself without sufficient liability insurance coverage from the insurers after years of paying premiums. *Compare Eagle-Picher Industries, Inc. v. Liberty Mutual Insurance Co.*, 682 F.2d 12, 19 (1st Cir.1982) (asbestosis "results" when it is manifested), *cert. denied,* 460 U.S. 1028 (1983) *with Keene Corp. v. Insurance Co. of North America*, 667 F.2d 1034, 1046 (D.C.Cir.1981) (asbestos causes "injury" at time of exposure), *cert. denied,* 455 U.S. 1007 (1982).

The California action, which was commenced first, is the more comprehensive of the two. It involves all of McKesson's insurers and all of the products for which McKesson faces potential liability. California therefore is the logical forum for the determination of the respective rights and obligations of the parties and serves to further the interest of judicial economy. It is significant that no federal issues are raised in the instant declaratory judgment action and that no federal interest would be served by retaining jurisdiction over the case.

AFFIRMED.