**FULLER COMPANY,**
Plaintiff, Appellant,

v.

**RAMON I. GIL, INC.,**
Defendant, Appellee.

No. 85–1566.

United States Court of Appeals,
First Circuit.

Argued Dec. 5, 1985.
Decided Jan. 29, 1986.

Maggie Correa-Aviles with whom Manuel A. Guzman and McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P.R., were on brief, for plaintiff, appellant.

Federico Ramirez Ros with whom Ramirez, Latimer & Biaggi, San Juan, P.R., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Plaintiff-appellant Fuller Company appeals from an order of the United States District Court for the District of Puerto Rico declining to exercise jurisdiction over a declaratory judgment action brought by Fuller against defendant-appellee Ramon I. Gil, Inc. We affirm.

## I.

The facts necessary to the disposition of this appeal are as follows. Fuller, a manufacturer of pneumatic conveying systems and dust collectors, is a Delaware corporation with its principal office and place of business in Pennsylvania. Gil is a corporation organized under the laws of the Commonwealth of Puerto Rico with offices in Santurce, Puerto Rico. On March 17, 1981, Gil filed a suit against Fuller in the Superior Court of Puerto Rico, San Juan Part, alleging that Fuller had attempted to cancel its sales representative agreement with Gil without just cause and that Fuller owed Gil approximately $51,500 in unpaid sales commissions. Because the parties were diverse, Fuller could have removed Gil's action to federal district court under 28 U.S.C. § 1441(a) (1982),[1] but Fuller chose instead to defend the suit in the commonwealth courts of Puerto Rico.

On April 6, 1981, the Puerto Rico court issued a preliminary injunction barring Fuller from terminating its sales representative agreement with Gil *pendente lite*. Thereafter, Fuller and Gil filed a battery of motions which accomplished little towards resolving their dispute. By Gil's count, there were at least 56 unadjudicated motions pending in the Puerto Rico court as of April 1982.

Apparently discouraged by the lack of progress in the Puerto Rico proceedings, on October 9, 1982, Fuller filed a declaratory judgment action against Gil in the Court of Common Pleas for Lehigh County, Pennsylvania. Fuller's complaint asked the Pennsylvania court to declare, *inter alia*, (1) that contrary to Gil's allegations Fuller had not attempted to terminate the parties' business relationship in March of 1981; (2) that, since the initiation of the Puerto Rico suit, Gil had given Fuller just cause to terminate Gil as its sales representative; and (3) that Fuller only owed Gil approximately $7,000 in unpaid commissions. Gil failed to enter an appearance or otherwise respond in the Pennsylvania action, and a default judgment was entered against it on December 2, 1982. On December 7, 1982, the Pennsylvania court entered a final decree against Gil adjudging, *inter alia*, that Fuller had not terminated its relationship with Gil in March of 1981, that Fuller had just cause to terminate the relationship between the parties, and that Fuller owed Gil $7,000 in unpaid commissions. Gil did not appeal from the final decree of the Pennsylvania court.

Subsequently, on December 14, 1982, Fuller filed a motion for summary judgment in the Puerto Rico Superior Court claiming that the Pennsylvania decree was entitled to full faith and credit, and that the decree rendered Gil's claims against Fuller res judicata. Gil opposed Fuller's motion. In a reply brief dated January 4, 1983, Fuller purported to reserve its right to federal review of the full faith and credit issue if the Puerto Rico court refused to recognize the preclusive effect of the Pennsylvania decree.

---

1. Section 1441(a) provides:

    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

On December 7, 1983, the Puerto Rico court entered a decree stating that it would not recognize the preclusive effect of the Pennsylvania judgment because, *inter alia,* the Pennsylvania court's jurisdiction over Gil was "doubtful" or "dubious." The Puerto Rico court directed the parties to engage in discovery. On December 22, 1983, Fuller moved the Puerto Rico court to reconsider the full faith and credit issue and reiterated its assertion of the right to seek collateral review of this question in federal court, but Fuller's motion was not granted. Over the following two years, Fuller continued its efforts to secure enforcement of the Pennsylvania decree in the courts of Puerto Rico on the one hand, while purporting to reserve its right to federal review of the full faith and credit issue on the other.[2]

Fuller's efforts to obtain enforcement of the Pennsylvania decree proved unavailing but, on February 7, 1985, in an interlocutory order issued in response to a petition for certiorari filed by Fuller, the Supreme Court of Puerto Rico directed

> that upon request of any of the parties the issue referring to the full faith and credit clause be entertained and resolved as soon as possible before the case proceeds to trial on the merits.

Both Fuller and Gil were apparently of the view that the lower court had already expressed its opinion on the full faith and credit issue, but the Supreme Court denied their motions for reconsideration and for clarification of its February 7th order.

Instead of resubmitting the full faith and credit issue to the Puerto Rico Superior Court, Fuller took its dispute with Gil before a third tribunal by filing a declaratory judgment action against Gil in the United States District Court for the District of Puerto Rico on February 21, 1985. Fuller's federal complaint sought a declaration that the Pennsylvania decree was conclusive of

any and all claims and controversies arising out of the commercial relationship between the parties, as well as a declaration of the Pennsylvania decree's preclusive effect with respect to Gil's action against Fuller in the commonwealth courts of Puerto Rico. On July 3, 1985, the federal district court dismissed Fuller's complaint. This appeal followed.

## II.

■ The district court based its dismissal of Fuller's declaratory judgment action on the principles set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and reaffirmed in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). We recently said,

> In *Colorado River,* the Supreme Court identified several factors that counsel in favor of dismissal in situations involving the exercise of concurrent jurisdiction by federal or federal and state courts, and promote the public interest in " '[w]ise judicial administration, ... conservation of judicial resources and comprehensive disposition of litigation.' " 424 U.S. at 817 [96 S.Ct. at 1246] (*quoting Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183 [72 S.Ct. 219, 221, 96 L.Ed. 200] (1952)).
>
> These factors include (1) which court first assumed jurisdiction over any res or property involved in the action; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; and (5) whether federal law supplies the rule of decision. *Moses H. Cone,* 460 U.S. at 13–26 [103 S.Ct. at 935–43].

*Bergeron v. Estate of Loeb,* 777 F.2d 792, 798 (1st Cir.1985) (footnote omitted).[3] Full-

---

**2.** On November 27, 1984, Fuller did persuade the Puerto Rico Superior Court to vacate the preliminary injunction barring Fuller from terminating its sales representative agreement with Gil, on the grounds that there had been no

relationship in fact between the parties since the Pennsylvania decree was entered on December 7, 1982.

**3.** We agree with Fuller that none of the three traditional branches of the abstention doctrine

er argues that the district court abused its discretion in concluding that the *Colorado River* factors favored dismissal of Fuller's declaratory judgment action against Gil. We disagree. The Supreme Court has cautioned that "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest upon a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case," and that "[t]he weight to be given to any one factor may vary greatly from case to case, depending upon the particular setting of the case." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937. Because Fuller's federal action is one for declaratory relief, we think that the third *Colorado River* factor—the desirability of avoiding piecemeal litigation—is entitled to great weight in assessing the propriety of the district court's dismissal. As an initial matter, 28 U.S.C. § 2201 (1982), the

statute which confers jurisdiction upon the federal courts to hear declaratory judgment suits, is worded in discretionary, not compulsory, terms.[4] Although a district court does not enjoy unbridled discretion to "decline to entertain such an action as a matter of whim or personal disinclination," *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962) (per curiam), its determination is still entitled to substantial deference. *See American Home Assurance Co. v. Insular Underwriters Corp.*, 494 F.2d 317, 320 (1st Cir.1974).

In our view, it would be unthinkable that every time a state (here, commonwealth) court defendant became dissatisfied with that court's provisional resolution of some issue and there was diversity of citizenship, it could rush over to the federal courthouse in the hope of obtaining a more favorable

would compel the district court to stay its hand in this case. *See Colorado River*, 424 U.S. at 813–17, 96 S.Ct. at 1244–46.

*Colorado River* created a fourth category of abstention which permits the dismissal or stay of an action in "exceptional circumstances." *Moses H. Cone*, 460 U.S. at 19, 103 S.Ct. at 938. Although neither party has raised the issue, we have discovered one case which holds that the *Colorado River* exceptional circumstances test is inapplicable to declaratory judgment actions, because the concerns that prompted the articulation of the exceptional circumstances test (*e.g.*, that federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246) are irrelevant where, as in an action for declaratory relief brought under 28 U.S.C. § 2201 (1982), "the court is under no compulsion to exercise its jurisdiction." *Hartford Accident & Indemnity Co. v. Hop-On International Corp.*, 568 F.Supp. 1569, 1572 (S.D.N.Y.1983).

As our discussion indicates, *infra*, we agree that a federal court's duty to exercise its jurisdiction is relaxed in the declaratory judgment context. However, while recognizing that a declaratory judgment action may be dismissed on grounds that are less than "exceptional," we find it unnecessary to go so far as did the district court in *Hartford Accident*, because the *Colorado River* factors themselves run substantially parallel to the criteria that historically have been deemed relevant in determining whether to accept or decline jurisdiction over an action brought under 28 U.S.C. § 2201. In particular, the third *Colorado River* factor—the desirability of avoiding piecemeal litigation—subsumes such traditional considerations as "whether the

declaratory judgment will serve the interests of the litigants or the public" and whether "considerations of efficiency, fairness and practical convenience for the court and parties warrant the court's granting a declaration of rights." *Metropolitan Property & Liability Insurance Co. v. Kirkwood*, 729 F.2d 61, 62 (1st Cir.1984).

In thus applying the *Colorado River* factors in a declaratory judgment context—although without emphasis on a federal court's duty to exercise its jurisdiction—we are consistent with the numerous cases in this circuit and others which have applied the *Colorado River* factors in declaratory judgment actions. *See, e.g., Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534 (9th Cir.1985); *Liberty Mutual Insurance Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475 (1st Cir. 1985); *Board of Education v. Bosworth*, 713 F.2d 1316 (7th Cir.1983); *Harvey & Harvey, Inc. v. Delaware Solid Waste Authority*, 600 F.Supp. 1369 (D.Del.1985); *Safeco Insurance Co. v. Miller*, 591 F.Supp. 590 (D.Md.1984); *Heritage Land Co. v. FDIC*, 572 F.Supp. 1265 (W.D.Okla.1983); *Trailways, Inc. v. State Corporation Commission*, 565 F.Supp. 777 (D.Kan.1983); *Ohio Casualty Co. v. Jackson County Bank*, 562 F.Supp. 1165 (S.D.Wis.1983); *Brinco Mining Ltd. v. Federal Insurance Co.*, 552 F.Supp. 1233 (D.D.C.1982).

4. Section 2201(a) provides in relevant part,

In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration. . . .

(Emphasis added.)

determination. Such a practice, if ordinarily permitted, would complicate and fragment the trial of cases, as well as cause friction between state and federal courts.

In *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), the Supreme Court discouraged the unnecessary fragmentation of litigation between state and federal courts through declaratory judgment actions. There, Excess brought a declaratory judgment action in federal district court in Kansas seeking a declaration of the parties' rights under a contract of reinsurance shortly before it was named a defendant in an ongoing garnishment proceeding brought by Brillhart in Missouri state court. In upholding the district court's discretionary refusal to exercise jurisdiction over Excess's suit, the Supreme Court wrote,

> Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction. [Brillhart]'s motion to dismiss the bill was addressed to the discretion of the court.... The motion rested upon the claim that, since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.
>
> Where a District Court is presented with a claim such as was made here, it

should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state proceeding and the nature of the defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

316 U.S. at 494–95, 62 S.Ct. at 1175 (citations omitted); *see also Metropolitan Property & Liability Insurance Co. v. Kirkwood*, 729 F.2d 61, 62 (1st Cir.1984) (enumerating factors relevant to discretionary exercise of jurisdiction in declaratory judgment action). Here, the district court concluded that the commonwealth courts of Puerto Rico are "fully capable of adjudicating the facts and deciding the issue" of the preclusive effect of the Pennsylvania decree in the dispute between Fuller and Gil, and we cannot say that this conclusion is plainly wrong. Hence, we think that the desirability of avoiding piecemeal litigation was a factor to which the lower court could legitimately have given great weight.

Consideration of the remaining *Colorado River* factors does not alter this conclusion. To be sure, of the first two *Colorado River* factors, one is immaterial and the other helps Fuller. No res or property, as such, is involved here, and the federal district court in Puerto Rico is just as convenient a forum as the courts of the Commonwealth for resolving the parties' dispute. However, the fourth factor militates against allowing Fuller to proceed in federal court, because the Puerto Rico courts obtained jurisdiction over the dispute between Fuller and Gil almost four years before Fuller filed its federal declaratory judgment action.[5]

---

5. The priority of the commonwealth proceedings derives added significance from the fact that Fuller could have sought removal to federal

district court at the outset of the case, but elected not to do so. *See supra* note 1 and accompanying text. In addition, measuring priority "in

Finally, although the import of the fifth factor (whether federal law supplies the rule of decision) is less clear, we cannot say that it tips the balance in Fuller's favor. Fuller contends that its declaratory judgment action raises solely a question of federal law. But because Gil did not enter an appearance in the Pennsylvania action, there is a question as to whether the Pennsylvania court had in personam jurisdiction over Gil under its state long-arm statute[6] as well as to whether the Pennsylvania courts would give the Pennsylvania decree preclusive effect in light of the fact that it was rendered in the face of the Puerto Rico court's injunction. At least as a threshold matter, these are issues of state, not federal law. To the extent that a determination of the preclusive effect of the Pennsylvania decree necessitates, and perhaps turns on, the application of Pennsylvania law, the federal district court in Puerto Rico is no better situated to decide Fuller's claims than the courts of the Commonwealth. *See Moses H. Cone*, 460 U.S. at 25, 103 S.Ct. at 941 (source-of-law factor has less significance where federal courts' jurisdiction to enforce federal law is concurrent with that of state courts); *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1175 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

We recognize that the federal district court's refusal to exercise jurisdiction over Fuller's declaratory judgment action might, as a practical matter, result in a less expeditious determination of the preclusive effect of the Pennsylvania decree. But as we noted in *American Home Assurance Co. v. Insular Underwriters Corp.*, 494 F.2d 317 (1st Cir.1974),

declaratory relief [should not] be used as a means to winning the res judicata race from the courthouse door.... If a pending state action will ultimately resolve the issues, it is probably inadvisable to place the parties in a competing position, the first to complete his litigation gaining the benefit of res judicata, unless there are good reasons for doing so.

*Id.* at 320 (citation and emphasis omitted).

This is not to say that, in some circumstances, the entertainment of an action for declaratory relief would not be warranted to "expedite the resolution of a controversy by clarifying legal issues." *Id.* However, in the case at bar, the commonwealth courts have already expended substantial time and effort to resolve the dispute between Fuller and Gil, and the Puerto Rico Supreme Court has apparently directed the Superior Court to reconsider the full faith and credit issue on the motion of either party before the case proceeds to trial on the merits. Whatever expedition may be gained by permitting Fuller to proceed with its federal declaratory action does not outweigh the factors counseling against the assertion of federal jurisdiction at this time.

We therefore hold that the district court did not abuse its discretion in dismissing Fuller's action.

### III.

■ Fuller argues that the federal district court's dismissal of its action fosters rather than avoids piecemeal litigation, because Fuller has consistently reserved its right in the commonwealth courts to have the full faith and credit issue adjudicated in a federal court. In support of this contention, Fuller relies principally on the Supreme Court's decision in *England v. Louisiana State Board of Medical Examiners,*

---

terms of how much progress has been made in the two actions," *Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. at 939, the commonwealth courts have devoted a substantial amount of time to the dispute, even though the proceedings have moved slowly and not to Fuller's liking.

**6.** In its decree dated December 7, 1983, the Puerto Rico Superior Court already appears to have made a tentative determination that the Pennsylvania court did not have jurisdiction over Gil (a ruling on whose merits we do not, of course, comment).

375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). Fuller's reliance is misplaced.

In *England*, the Court held that, where a federal court remits a litigant asserting federal and state law claims to state court on abstention grounds for the purposes of resolving or clarifying an issue of state law, the litigant is not required to litigate its federal claims in the state tribunal, but may reserve its right to return to the federal court on the federal issues at the conclusion of the state proceedings. In support of this holding, the *England* Court reasoned that "[t]here are fundamental objections to any conclusion that a litigant who has properly invoked the jurisdiction of a Federal District Court to consider federal ... claims can be compelled, without his consent and through no fault of his own, to accept instead a state court's determination of those claims." 375 U.S. at 415, 84 S.Ct. at 464 (footnote omitted).

Here, Fuller has not been compelled "without [its] consent and through no fault of [its] own" to litigate its federal claims in the commonwealth courts. Not only did Fuller fail to remove Gil's action to federal court at the outset of the commonwealth proceedings, as it could have done, but it pursued its full faith and credit claim in the commonwealth courts long before it sought declaratory relief in federal court. *England* did not involve a *state* court litigant like Fuller who was seeking to reserve its federal claims for a federal tribunal. Rather, *England* involved a litigant who, suing first in a *federal* court, was remitted by that court to a state court on abstention grounds. In order to make an *England* reservation, a litigant must establish its right to have its federal claims adjudicated in a federal forum by properly invoking the jurisdiction of the federal court in the first instance. *See Migra v. Warren City School District Board of Education*, 465 U.S. 75, 83–85 & n. 7, 104 S.Ct. 892, 896–98 & n. 7, 79 L.Ed.2d 56 (1984); *Griffin v. Rhode Island*, 760 F.2d 359, 360 n. 1 (1st Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 134, 88 L.Ed.2d 111 (1985).[7]

Moreover, *England* does not afford a litigant two bites at the apple. Where, as here, a litigant has raised its federal claim in a state court, it may not subsequently relitigate the same claim in a federal court without doing violence to well-settled principles of finality and repose. *See England*, 375 U.S. at 417–19, 84 S.Ct. at 465–66; *Switlik v. Hardwicke Co.*, 651 F.2d 852, 859 (3d Cir.), *cert. denied*, 454 U.S. 1064, 102 S.Ct. 614, 70 L.Ed.2d 601 (1981). Here, Fuller repeatedly submitted the full faith and credit issue for adjudication in the commonwealth courts of Puerto Rico. If Fuller disagrees with the commonwealth courts' ultimate resolution of the question, it can seek Supreme Court review of the issue under 28 U.S.C. § 1257 (1982). *See England*, 375 U.S. at 417–18, 84 S.Ct. at 465–66.

### IV.

Finally, Fuller argues that, even if the district court was correct in refusing to entertain its action for declaratory relief, the district court should not have dismissed Fuller's action, but should have entered a stay pending a final resolution of the full faith and credit issue by the Puerto Rico Supreme Court. We see no basis for this contention. Even assuming *arguendo* that Fuller had some right to have its federal claims adjudicated in a collateral, federal proceeding, it waived the right by pursuing these claims in the courts of Puerto Rico. The district court's dismissal of Fuller's action was, therefore, proper.

*Affirmed.*

---

**7.** Of course, because the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights [but] did not impose a duty to do so," 28 U.S.C. § 2201 (1982) does not, per se, guarantee a litigant a right to a federal forum. *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962) (per curiam).