**SUBARU OF NEW ENGLAND, INC.,**
v.
**SUBARU OF AUGUSTA, INC.**

Civ. A. No. 88–0473–N.

United States District Court,
D. Massachusetts.

June 23, 1988.

Robert W. Mahoney, Hale & Dorr, Boston, Mass., for Subaru of New England.

John Felter, Goodwin, Procter & Hoar, Nina Mishkin, Boston, Mass., Jeff White, Benjamin Lund, Catherine Connors, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for Subaru of Augusta.

### ORDER

DAVID S. NELSON, District Judge.

The Magistrate's Report and Recommendations are hereby accepted and ordered.

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS OR TRANSFER (# 4–D)

ROBERT B. COLLINGS, United States Magistrate.

As things now stand, the controversy surrounding Defendant's Motion To Dismiss Or Transfer (# 4–D) boils down to whether the claims between the parties will be adjudicated in the instant case in Boston or in a suit filed by Subaru of Augusta, Inc. against Subaru Of New England, Inc. in the United States District Court at Portland, Maine. The parties agree that the controversy will be litigated in one forum or the other, but not both. Subaru of New England asserts that the case should remain here and that the claims of Subaru of Augusta, Inc. which are pending in Maine should be brought as counterclaims in the Massachusetts action; Subaru Of Augusta, Inc. argues that the instant litigation should be transferred to Maine pursuant to 28 U.S.C. § 1404(a) and consolidated with the litigation pending in Portland.

After hearing, I am of the view that the interests of justice are best served by having the controversy between the parties litigated in Maine. Accordingly, I RECOMMEND that the Defendant's Motion To Dismiss Or Transfer (# 4–D) be ALLOWED to the extent that an Order issue transferring the above-styled case to the

United States District Court for the District of Maine at Portland pursuant to 28 U.S.C. § 1404(a).

In September, 1986, Subaru Of Augusta, Inc. (hereinafter, SOA) entered into an agreement with Subaru Of New England, Inc. (hereinafter, SNE) whereby SOA became a franchised dealer of Subaru automobiles in Augusta, Maine. Subsequently, SOA also obtained a Jeep/Eagle franchise and began operating the franchise from the same facility at which it sold Subarus. In December, 1987, SNE informed SOA in writing that such actions constituted a breach of the franchise agreement and demanded that the breach be cured. SOA failed to cure the alleged breach. Accordingly, on February 26, 1987, SNE sent a letter to SOA notifying SOA that it intended to terminate the franchise. On the same day, the instant action was filed in Boston. The Amended Complaint (filed 5/19/88) seeks a declaratory judgment that SNE's action in terminating the franchise does not violate § 1174 of the Maine Revised Statutes Annotated or the dealership agreement between the parties.

■ I do not find that the convenience of the parties and witnesses tilts in favor of either Boston or Portland. Of the two principals of SOA, one resides in Maine and the other in Rye, New Hampshire, the latter location being about equi-distant between the two cities. Perhaps SOA would want to call other of its employees as witnesses. SNE notes that there are four persons who work for it and are located in Massachusetts who would most likely testify. SOA claims that it would call one or more other unnamed Subaru dealers in Maine to testify, but it is not shown that they would not voluntarily come to Boston for trial, of if they would not, that the difference between their live testimony as opposed to their testimony by videotaped deposition is so substantial as to warrant a transfer.

I do not give much weight to the plaintiff's choice of forum because, at bottom, the dispute between the parties involves the adequacy of SOA's facilities in Maine and whether the addition of a Jeep/Eagle dealership at those facilities violates the provisions of the agreement which lay down certain space and facility requirements which must be devoted to the Subaru dealership. Put another way, the controversy involves actions taken by SOA in Maine with respect to property in Maine. In such circumstances, the plaintiff's choice of forum is not entitled to the weight it would otherwise be accorded if the operative facts occurred either in whole or in part in Massachusetts.

Similarly, plaintiff's argument that it won the race to the courthouse is not persuasive. It is unlikely that SOA could have sued until terminated; by mailing notice of termination and filing suit in Boston on the same day, SNE insured that there would be no "race"; to be sure, SNE filed first, but in the circumstances, cannot be said to be the winner of a "race."

On the other hand, the fact that plaintiff seeks a declaration of rights under Maine law tilts the balance in favor of a transfer. While the factor is not necessarily entitled to great weight, it is entitled to some weight because there is an interest in having state laws interpreted by Federal Courts sitting in that state.

In sum, I am of the opinion that while a number of the factors which determine whether or not a transfer pursuant to § 1404(a) is to be ordered are in balance in the instant case, the fact that the action is one seeking a declaration of rights under Maine law and the controversy involves actions taken with respect to a situs in Maine weighs in favor of a transfer to the United States District Court in Maine.

■ As a separate and independent ground for this recommendation, I note that the District Court has some discretion as to whether or not to entertain a declaratory judgment action. 28 U.S.C. § 2201(a); *Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 309 (1 Cir., 1986). This discretion may be exercised in many ways to avoid the problems which arise when the remedy provided by § 2201(a) results in a "multiplicity of suits." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 154–55, 87 S.Ct. 1507, 1518–19, 18 L.Ed.2d 681 (1967). In the

*Abbott* case, the Supreme Court wrote that "... the courts are well-equipped to deal with such eventualities."

The venue transfer provision, 28 U.S.C. § 1404(a), may be invoked ... to consolidate separate actions. Or, actions in all but one jurisdiction might be stayed pending the conclusion of one proceeding. A court may even in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere. In at least one suit for a declaratory judgment, relief was denied with the suggestion that the plaintiff intervene in a pending action elsewhere.

*Id.* (citations omitted)

If the Court has the power to decline to hear a declaratory judgment action at all or to stay such an action pending resolution of another suit elsewhere or to dismiss a suit when the plaintiff can intervene in another suit elsewhere, it is my opinion that it has the lesser power to transfer a declaratory judgment action pursuant to § 1404(a) to a district where litigation raising the same issues is pending when it is in the interests of justice to do so in order to avoid duplicitous litigation, even if the convenience of the parties and witnesses are in balance as between the two districts.

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to this report and this recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *United States v. Vega,* 678 F.2d 376, 378–79 (1 Cir., 1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983). *See also, Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).