USCA1 Opinion

 

 August 7, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1083 GREAT AMERICAN INSURANCE COMPANY AND AMERICAN NATIONAL FIRE INSURANCE COMPANY, Plaintiffs, Appellants, v. PRECISION PRODUCTS CORPORATION AND NORTHROP CORPORATION, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Lay,* Senior Circuit Judge, ____________________ and Pieras,** District Judge. ______________ ____________________ Seymour Kagan with whom Herzfeld & Rubin, Thomas E. Peisch, Mary _____________ _________________ ________________ ____ Elizabeth Van Dyck and Conn, Kavanaugh, Rosenthal & Peisch were on __________________ _____________________________________ brief for appellants. Kirk A. Pasich with whom Mary K. Barnes, Wendy I. Kirchick, Hill, ______________ ______________ _________________ _____ Wynne, Troop & Meisinger, James Dillon, Susan Insoft and Goodwin, __________________________ _____________ ____________ ________ Procter & Hoar were on brief for appellee, Northrop Corporation. ______________ ____________________ ____________________ _____________________ * Of the Eighth Circuit, sitting by designation. ** Of the District of Puerto Rico, sitting by designation. Per Curiam: Great American Insurance Company and ___________ American National Fire Insurance Company appeal from the order of the district court1 dismissing their action in that court under Colorado River Water Conservation District v. United ________________________________________________________ States, 424 U.S. 800 (1976), based on the existence of ______ parallel proceedings in a California court. We affirm on the basis of the district court's thorough and well-reasoned opinion. Northrop Corporation (Northrop) filed suit in California in January of 1989 claiming that several of its insurers failed to acknowledge coverage of property damages sought in certain environmental litigation brought against Northrop. In July of 1991, Great American Insurance Company and American National Fire Insurance Company, who were not originally named as parties in Northrop's California litigation, filed this action in the federal district court in Massachusetts seeking a declaratory judgment that they were not obligated to defend or indemnify Northrop in the environmental claims against it; in addition they sought damages for fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.2 ____________________ 1The Honorable Robert E. Keeton, United States District Judge for the District of Massachusetts. 2Plaintiffs urge that the Colorado River doctrine should not _______________ be applied because of the joinder of the dissimilar fraud claims filed in the federal court. Cf. McLaughlin v. United ___ ____________________ Virginia Bank, 955 F.2d 930 (4th Cir. 1992). We note that _____________ these claims arose out of the California litigation involving acts, witnesses and lawyers all located in California. Judge -2- In August of 1991, Northrop amended its complaint in the California action to add Great American, American National and twelve other insurance carriers as defendants. Northrop also filed a motion seeking dismissal of the pending action in Massachusetts under the Colorado River doctrine, asserting the ______________ need for deference to parallel state proceedings. After an analysis of the relevant factors as established in Colorado ________ River and subsequent Supreme Court and First Circuit _____ precedents, the district court declined federal jurisdiction and granted Northrop's motion. On appeal, the two insurance companies challenge the district court's order dismissing its action as an abuse of discretion. We affirm the order of the district court. ____________________ Keeton acknowledged the fact that there were non-coverage claims but observed: This brings me to one final difficulty regarding the ultimate disposition of the claims made by plaintiffs. Although this question has not been addressed in the precedents, I conclude that since it is within my discretion to dismiss plaintiffs' coverage claim it is within my discretion to dismiss the entire action. In so deciding, however, I recognize that a different answer might have been reached if plaintiffs' tort claims had been brought independently. Plaintiffs did not choose that course, however, and it would be inappropriate for me to retain jurisdiction over the tort claims only on an assumption, unsupported by the record, that a choice for that version of piecemeal litigation has been or would be manifested. I conclude that dismissal of the entire claim is appropriate. If plaintiffs wish to contend otherwise, they may file an appropriate post-judgment motion within the time allowed by law. We find no abuse of discretion in Judge Keeton's dismissal. The overall claims relate to the basic dispute relating to coverage which is the basis of the declaratory judgment action. -3- The district court addressed each of the Colorado River ______________ factors, as well as those established in Moses H. Cone _______________ Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 _________________________________________________ (1983), and Villa Marina Yacht Sales v. Hatteras Yachts, 947 _____________________________________________ F.2d 529 (1st Cir. 1991), cert. denied, 112 S. Ct. 1674 ____________ (1992). Under the Colorado River doctrine, federal courts _______________ must consider: (1) whether either court assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) ___ the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' rights; and (7) the vexatious or reactive nature of the federal lawsuit. The district court noted the irrelevancy of the first factor and determined that with the exception of the third factor, application of the remaining factors tilted slightly in Northrop's favor but not so strongly as to mandate dismissal. See Moses H. Cone, 460 U.S. at 16 (relevant ___ _______________ factors to be heavily weighed in favor of the exercise of jurisdiction); Villa Marina, 947 F.2d at 532. The district _____________ court's decision to dismiss, however, was based on its concern about the third factor, the desirability of avoiding piecemeal litigation. The district court determined the present case to be "on all fours" with the facts of Liberty Mutual Insurance Co. _____________________________ v. Foremost-McKesson, Inc., 751 F.2d 475 (1st Cir. 1985). In __________________________ -4- McKesson, a DES manufacturer brought suit against all of its ________ insurers in California state court while one of its insurers brought suit in Massachusetts federal court seeking declaratory judgment as to its rights and obligations under its insurance policies. We affirmed the district court's stay of the federal proceedings, stating that [h]ere, as in Colorado River, piecemeal litigation could ______________ severely prejudice the rights of one of the parties. If the federal and state actions were to proceed concurrently, there is the real possibility that the two courts might interpret the same standard policy language differently, with the result that McKesson would find itself without sufficient liability insurance coverage from the insurers . . . . The California action, which was commenced first, is the more comprehensive of the two. It involves all of McKesson's insurers and all of the products for which McKesson faces potential liability. California therefore is the logical forum for the determination of the respective rights and obligations of the parties and serves to further the interest of judicial economy. Id. at 477 (citations omitted). Moreover, as in McKesson, the ___ ________ action here raises no federal issues and "no federal interest would be served by retaining jurisdiction over the case." Id. ___ We concur with the district court's analysis and find no abuse of discretion. Judgment affirmed. __________________ -5-