Cutler v. Gilbert                    CV-94-609-M    04/13/95

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Lawrence S. Cutler; Judith Goffman;
Artshows and Products Corp.; and
Maxfield Parrish Family Trust, Inc.,
     Plaintiffs,

     v.                                        Civil No. 94-609-M

Alma Gilbert d/b/a Gilbert Galleries
a/k/a Alma Gilbert-Smith a/k/a La Contessa
De La Gala; Alma Gilbert Galleries, Inc.;
Alma Gilbert, Inc.; Erwin Flacks;
Gail Flacks; Les Allan Ferry; and
Philip Wood, Inc. d/b/a Ten Speed Press,
     Defendants.


                         O R D E R


     Plaintiffs initiated this civil proceeding by filing a Writ

of Summons and Declaration (the "Complaint") in the Grafton

County (New Hampshire) Superior Court.  Defendants removed the

case to this court pursuant to 28 U.S.C. §1441(c).  Because

plaintiffs allege violations of the Copyright Act (17 U.S.C.

§301(a)) and the Lanham Act (15 U.S.C. §1125), jurisdiction is

conferred upon this court by 28 U.S.C. §1331.  Pending before the

court is defendants', Alma Gilbert and Alma Gilbert, Inc., motion

for transfer to the Northern District of California or, in the

alternative, for a stay of all proceedings pending completion of

similar litigation pending in California's state court.

## I. Factual Background.

Defendants are all residents of the State of California. Plaintiffs Laurence Cutler and Judith Goffman are residents of the State of New Hampshire. Plaintiffs ARTShows and Products Corp. ("Artshows") and Maxfield Parrish Family Trust, Inc. (the "Trust") are New Hampshire corporations, each with a place of business in Holderness, New Hampshire. Plaintiffs and Defendant Alma Gilbert (and her various corporate personnel) are competitors insofar as each claims to be among the leading authorities on the art of the late Maxfield Parrish.

The Complaint alleges that the Trust is "engaged in enhancing and maintaining the reputation of the late Maxfield Parrish and exposing predatory practices in the sale of Maxfield Parrish works and images and the commercial exploitation of his name." Complaint, ¶4. Plaintiffs claim that defendants have engaged in just such "predatory practices" and "commercial exploitation" of the images created by Maxfield Parrish.

Before plaintiffs filed this suit, Defendant Alma Gilbert, individually and doing business as Alma Gilbert Galleries, filed two related suits in the San Mateo County (California) Superior

2

Court against plaintiffs (case nos. 387886 and 388934). Plaintiffs filed counterclaims in each of the California proceedings, alleging causes of action identical or nearly identical to those described in this case. Although plaintiffs originally removed case no. 388934 from the California state court to federal court, that case was subsequently remanded by consent to state court.[1]

II.  Discussion.

A.  Abstention.

Defendants argue that Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), counsels in favor of staying this proceeding pending the outcome of the California litigation, contending that: (i) the California proceedings were initiated first and California was the first forum to obtain jurisdiction over the parties' disputes; (ii) New Hampshire is an inconvenient forum because most of the parties and many of the witnesses reside in California; (iii) many of the events underlying the parties' disputes arose in California; (iv) the

---

[1]  Interestingly, in the stipulation by which the parties requested remand, plaintiffs in this case acknowledged that "it would be most expeditious and economical for the parties to have all litigation pending between them in the same court." Stipulation and Order Re: Remand, at 2.

3

parties anticipate that discovery in these proceedings will be substantial and, would be handled most efficiently if consolidated; (v) discovery in the California litigation has already begun, while it has not yet begun in this case; (vi) a stay of this action would avoid piecemeal litigation and the possibility of inconsistent judgments; and (vii) a stay of this proceeding would allow for a comprehensive resolution of all the disputes between the parties.  See Liberty Mutual Ins. Co. v. Foremost-McKesson, Inc., 751 F.2d 475, 477 (1st Cir. 1985).

It appears to the court that federal abstention under the discretionary Colorado River doctrine would be appropriate in this case.  Conducting virtually identical litigation in federal and state courts will of course be piecemeal, will waste judicial resources, inconvenience the parties, unnecessarily add to the expense of litigation for both sides, and will risk conflicting results.  The state litigation is fully adequate to protect the parties' rights and will of course provide complete and prompt resolution of the issues.

4

Accordingly, this action is stayed pending completion of the state proceedings referenced above.  Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241 (9th Cir. 1989).


   B.   Transfer for the Convenience of Parties and
        Witnesses and in the Interest of Justice.

Pursuant to 28 U.S.C. §1404(a), defendants also move the court to transfer this case to the United States District Court for the Northern District of California.  Section 1404(a) provides:


> For the convenience of parties and witnesses, in the
> interest of justice, a district court may transfer any
> civil action to any district or division where it might
> have been brought.

This litigation could have been brought in the Northern District of California.  That court may exercise subject matter jurisdiction on grounds of diversity (all defendants are California residents; none of the plaintiffs reside in California, and the amount in controversy exceeds $50,000.00), 28 U.S.C. §1332(a), and on federal question grounds.  28 U.S.C. §1331.

5

Defendants assert that this case is appropriate for transfer to the Northern District of California because: (i) all defendants reside in California; (ii) the plaintiffs are already litigating their claims against defendants in California's state courts; and (iii) a number of likely witnesses, including owners and collectors of Maxfield Parrish works, reside in California. Defendants further assert that transfer is appropriate because the California actions have been pending for several months, the parties have already retained counsel who are familiar with the case, and substantial discovery is proceeding. Defendants point out that transfer to the Northern District of California will allow one set of counsel to implement a coordinated plan for discovery which will avoid duplication and minimize the waste of time, money and resources. Moreover, litigation of the parties' disputes exclusively in the State of California will avoid the necessity of having witnesses appear in virtually identical proceedings on opposite corners of the continent, separated by roughly 3,000 miles.

Authority to transfer a case pursuant to 28 U.S.C. §1404(a) is committed to the court's broad discretion. United States ex rel. LaValley v. First Nat'l. Bank, 625 F.Supp. 591, 594 (D.N.H.

1985).  The court agrees that transfer of this case, in a stayed status, to the District Court for the Northern District of California would be appropriate.  See Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955) ("When Congress adopted §1404(a), it intended to do more than just codify the existing law on forum non conveniens. . . As a consequence, we believe that Congress, by the term `for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience."); Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988) ("The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of `the interest of justice.'"); Driver v. Helms, 577 F.2d 147, 157 (1st Cir. 1978) ("We would expect courts to be sympathetic to motions for change of venue when defendants would otherwise be substantially prejudiced and when there is an alternative venue that would protect the parties' rights."), rev'd on other grounds sub nom, Colby v. Driver, 444 U.S. 527 (1980).

Here, as in United States ex rel. LaValley, supra, plaintiffs "have not convinced the court that the convenience of the parties and witnesses involved would be best served by keeping this action in New Hampshire. `The plaintiff may not, by choice of an inconvenient forum, inflict upon the defendant expense and trouble not necessary to plaintiff's own right to pursue his remedy.'" Id. at 594 (quoting United States v. General Motors Corp., 183 F.Supp. 858, 860 (S.D.N.Y. 1960)). It is particularly appropriate to transfer this matter given the court's decision to stay proceedings under Colorado River, in order to facilitate its efficient final resolution upon completion of the state litigation.

III. Conclusion.

For the reasons set forth above, it is appropriate in this case under the Colorado River doctrine to stay all federal proceedings pending resolution of the litigation pending in the San Mateo (California) County Superior Court. Accordingly, this proceeding is stayed pending completion of the California litigation. Moreover, pursuant to 28 U.S.C. §1404(a), the court finds that the interests of the parties, witnesses, and justice counsel in favor of transferring this case to a federal district

8

court in California.  Accordingly, this matter is transferred, in its stayed status, to the District Court for the Northern District of California, in which court the parties may if they choose, seek further review of the stay.  Defendants' motion for transfer to the Northern District of California (document no. 14) is granted.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

April 13, 1995

cc:  Mark Cohen, Esq.
     Martin Bressler, Esq.
     William A. Wineberg, Esq.
     Charles W. Grau, Esq.
     David S. Osman, Esq.
     Bruce Robertson, Esq.
     Teresa C. Tucker, Esq.
     Lori A. Shoemaker, Esq.
     Wilfred J. Desmarais Jr., Esq.