Friedman v. Cindylou Prince-Hebert     CV-96-253-B     06/02/97

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Peter H. Friedman

     v.                                          Civil No. 96-253-B

Cindylou Prince-Herbert,
Trustee of the Sally
Prince Revocable Trust

**O R D E R**

Peter Friedman filed this action in New Hampshire Superior Court to recover accounting and litigation consulting fees allegedly owed to him by Cindylou Prince-Herbert, trustee of the Sally Prince Revocable Trust ("the Trust").  Prince-Herbert removed the action to federal court and now moves for a dismissal based on abstention due to pending related litigation in California state court.  For the reasons that follow, I deny the motion to dismiss but order a stay in the federal proceedings pending resolution of the California litigation.

**I.   BACKGROUND**

In 1992, the Trust invested over $1.7 million in a Letter of Credit "Roll" Program, which later turned out to be a fraudulent "ponzi-type" scheme.  In July 1994, the Trust filed suit in California Superior Court for the County of Los Angeles against Sanwa Bank ("Sanwa") for its alleged role in the scheme.  Peter

Friedman, who had been serving as a financial advisor for the Trust, performed litigation consulting work for the Trust in the California case. This work included reviewing documents produced during discovery, editing motions for accuracy, and examining depositions.

Although the Trust did not name Friedman as a defendant in its California suit, the Trust refused to release Friedman from any potential claims it had against him, contending that Friedman recommended the Trust's participation in the Letter of Credit scheme and collected commissions from the Trust's investments. At some point during the California litigation, Sanwa sued Friedman for indemnity and Friedman cross-complained against Sanwa and one of its officers, James Lin.

On January 18, 1996, Friedman, Sanwa, and the Trust participated in a mediation session in San Francisco, California. As a result, the parties entered into two signed agreements purporting to affect a global settlement of all claims and potential claims between the parties. The document that settled the claims between the Trust, Sanwa Bank, and Friedman is the "three-party agreement." The settlement between the Trust and Friedman is the "two-party agreement." The Trust contends that the two-party agreement called for Friedman to pay $33,000 to the

2

Trust in three equal installments and provided for a mutual release of all claims between Friedman and the Trust arising out of the California action. It also allowed the Trust forty-five days to evaluate any other potential claims against Friedman after which time, if the Trust did not pursue its claims, the Trust and Friedman would release each other from all claims.

The Trust moved to enforce the two-party agreement in the Superior Court of California, County of Los Angeles. On March 26, 1996, while the Trust's motion was pending, Friedman brought this action in New Hampshire. Friedman's New Hampshire action seeks payment from the Trust of (1) $175,000 for his services as a litigation consultant in connection with the California litigation involving Sanwa and (2) fees totaling $24,825 for various trust administration services.

On June 26, 1996, California Superior Court Judge Lawrence W. Crispo issued an order asserting jurisdiction over the two-party settlement agreement and enforcing the agreement against Friedman. Specifically, the court ordered that Friedman pay $33,000 to the Trust and that "[u]pon payment of the third installment, the Trust and Friedman shall exchange signed mutual general releases . . . as to all claims, whether known or unknown, arising out of [the California action]; the exchange shall

3

include Peter Friedman's release of this [sic] claim for $175,000 for fees regarding this transaction." Prince-Herbert v. Sanwa Bank California, No. BC 109030 (Cal. Superior Ct., County of Los Angeles June 26, 1996). The order also provided that Friedman return all Trust documents in his possession to the Trust's attorneys and that "thereafter, both Friedman and the Trust shall hereby generally release each other from all claims." Id. Friedman has appealed this order and the appeal is pending before the Court of Appeal of the State of California, Second Appellate Division, but no briefs have yet been filed.

## II. **DISCUSSION**

Prince-Herbert has moved for a dismissal under the abstention doctrine enunciated in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Under Colorado River and its progeny, federal district courts may stay or dismiss federal lawsuits in deference to parallel state proceedings based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817 (citation and quotation omitted). A court's authority to abstain is not absolute, however. Abstention is warranted only in "exceptional

4

circumstances" due to a strong presumption in favor of the exercise of the jurisdiction conferred on district courts by Congress and the Constitution. Id. at 817-19; Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 947 F.2d 529, 533 (1st Cir. 1991).

**A. Parallel Actions**

Colorado River abstention is only appropriate in cases where the federal proceeding and the concurrent state proceeding are "parallel." See Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1287 (7th Cir. 1988) (noting that the Colorado River doctrine is inapplicable in cases of non-parallel proceedings). Friedman argues that the California case and the federal case are not parallel. For proceedings to be parallel, however, they need not be identical. Villa Marina, 947 F.2d at 533; Interstate Material Corp., 847 F.2d at 1288; see also Landis v. North Am. Co., 299 U.S. 248, 254 (1936) ("[W]e find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties...must be shown to be the same and the issues identical."). Instead, a "suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum, thus making it likely that

5

judgment in one suit will have a res judicata effect in the other suit." Calvert Fire Ins. Co. v. American Mut. Reinsurance Co., 600 F.2d 1228, 1229 n.1 (7th Cir. 1979); see also Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc., 751 F.2d 475, 477 (1st Cir. 1985). Friedman argues that abstention is inappropriate in this case both because this case and the California case are not parallel proceedings and because no exceptional circumstances warrant abstention.

The order issued by Judge Crispo in the California litigation asserts jurisdiction over the Trust and Friedman to enforce the terms of the two-party settlement agreement. The order calls for a mutual release between Friedman and the Trust for all claims. Friedman has conceded that Judge Crispo's order, if affirmed, would be given res judicata effect and would bar his New Hampshire claim. Excerpt Transcript of Hearing, No. 96-253-B, at 2 (Aug. 26, 1996 D.N.H.). Therefore, despite the apparent dissimilarity between this action and the California state court action, the judgment in the California case is sufficiently broad to encompass Friedman's New Hampshire action and makes the two cases "parallel" for the purposes of Colorado River abstention. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983).

6

## B. __Colorado River__ Abstention Factors

   __Colorado River__ mentioned four illustrative factors to
consider in determining whether "exceptional circumstances"
warranted abstention: (1) whether either the state or federal
court has assumed jurisdiction over a __res__; (2) the inconvenience
of the federal forum; (3) the desirability of avoiding piecemeal
litigation; and (4) the order in which the forums obtained
jurisdiction. __Colorado River__, 424 U.S. at 814. The Court has
since added two additional factors: (5) whether state or federal
law controls; and (6) the adequacy of the state forum to protect
the parties' rights. __Moses H. Cone__, 460 U.S. at 25-26. In
addition to the above factors, the First Circuit has considered
the potentially "vexatious or reactive nature of the federal
lawsuit" to be a significant factor weighing in favor of absten-
tion. __Villa Marina__, 947 F.2d at 532; __Fuller Co. v. Ramon I. Gil,
Inc.__, 782 F.2d 306, 309-10 (1st Cir. 1986); __see also__ __Moses H.
Cone__, 460 U.S. at 17 n.20.

   These factors do not comprise "a mechanical checklist."
__Moses H. Cone__, 460 U.S. at 16. Rather, the decision whether to
abstain from a federal action because of parallel state-court
litigation must be based "on a careful balancing of the important
factors as they apply in a given case," and "[t]he weight to be

7

given to any one factor may vary greatly from case to case," depending on its particular setting.  Id.; see Fuller Co., 782 F.2d at 309.  Nonetheless, because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," Colorado River, 424 U.S. at 817, I must weigh the important factors "with the balance heavily weighted in favor of the exercise of jurisdiction."  Moses H. Cone, 460 U.S. at 16.

The first two factors, jurisdiction over a res and inconvenience of the federal forum, do not affect a change in the balance weighted in favor of jurisdiction.  No res is involved in these cases and I have already determined in denying Prince-Herbert's motion for a transfer of venue that she has failed to demonstrate a significant hardship to litigating in New Hampshire.

The next factor is the desirability of avoiding piecemeal litigation.  For this factor to favor an abandonment of jurisdiction, it must involve more than the "routine inefficiency" that always accompanies parallel cases.  Villa Marina, 947 F.2d at 535-36.  Here, piecemeal litigation could "severely prejudice the rights of one of the parties."  Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc., 751 F.2d at 477.  If the New Hampshire federal and California state actions were to proceed concur-

8

rently, there is a real possibility that the two courts might interpret the same settlement language differently, and one court may find that Trust has released Friedman from all claims while another court may conclude that the settlement agreement does not bar Friedman from asserting his fees claim. See id. (deciding that when two courts may interpret insurance policy language differently, thereby prejudicing one party, abstention is warranted under Colorado River); Liberty Mut. Ins. Co. v. Ward Trucking Corp., No. Civ. A. 93-CV-3154, 1994 WL 111374, *3-4 (E.D. Pa. March 31, 1994) (abstention warranted when parallel pursuit of two actions creates the possibility of contradictory orders), aff'd, 47 F.3d 1161 (3d Cir. 1995). In addition, while Colorado River abstention is usually based on a concern for judicial economy, and not on considerations of federal-state comity, this case presents an unusual situation in that Friedman's federal claim is barred by order of a California state court. Although that order is on appeal and not yet final,[1] it

---

[1] Under federal law, the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of res judicata. Under California law, however, a judgment is not final for purposes of res judicata until the resolution of an appeal. Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985) (citing Agarwal v. Johnson, 603 P.2d 58, 72 n.11 (Cal. 1979); Cal. Civ. Proc. Code § 1049). In this case, California law determines whether the California judgment should be treated as final for res judicata purposes. 28 U.S.C.A. § 1738 (West

9

would be inappropriate for this court to entertain an action by Friedman which sought to directly enjoin the California state court's enforcement of a settlement agreement.  See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987).  It would also be inappropriate for this court to evaluate the merits of the California state court's order, for that is a task left to the California appellate courts.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986) (applying Rooker-Feldman doctrine and noting that federal district courts "hold no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to revision in the state appellate system").  Thus, the principals of comity and federalism that underlie the Pennzoil and Rooker-Feldman doctrines support abstention in this case.

The next Colorado River abstention factor is the order in which the forums obtained jurisdiction.  Not only was the California action filed first in this case, but it was resolved via a settlement agreement before Friedman brought the New Hampshire action.  The New Hampshire action was not filed until

1994).

10

after the Trust moved to enforce the settlement agreement in California Superior Court. The California case has been resolved at the trial court level, and the Superior Court's judgment order is on appeal. In the New Hampshire case, on the other hand, Prince-Herbert has not yet filed an answer. Therefore, the relative progress of the cases favors abstention.

The first Moses H. Cone factor, whether state or federal law controls, does not strongly favor abstention, because while the interpretation of a settlement agreement does not implicate any question of federal law, neither does it present a "complex question[] of state law that would best be resolved by a state court." Villa Marina, 947 F.2d at 534 (citation omitted); but see General Reinsurance Corp. v. Ciba-Geigy Corp., 853 F.2d 78, 82 (2d Cir. 1988) (absence of federal issues favors abstention where the bulk of litigation would necessarily revolve around the state-law rights of the parties). Likewise, the next factor, adequacy of the state forum to protect the parties' rights, counsels neither for nor against abstention. There is no reason to believe, and Friedman does not argue, that the California courts cannot adequately protect his rights. See Rojas-Hernandez v. Puerto Rico Elec. Power Auth., 925 F.2d 492, 496 (1st Cir. 1991) (adequacy factor "operates against the surrender of

11

jurisdiction only where the state forum may not be adequate to adjudicate the claims").

The final factor to consider is Friedman's motivation in filing the New Hampshire action, and whether that motivation was vexatious or reactive. The record of the California action demonstrates such a motivation. Friedman entered into a settlement accord in January 1996 which provided that the Trust would have forty-five days to evaluate any claims against Friedman. After the end of the forty-five day period, and after Prince-Herbert moved for an enforcement of the settlement agreement in California Superior Court, Friedman brought this action in New Hampshire. One can fairly characterize the New Hampshire suit as an attempt to undermine the two-party settlement agreement and preemptively and collaterally attack an order by the California court enforcing that agreement. Such a characterization is not disputed by Friedman in his objection to Prince-Herbert's motion to dismiss, strengthening the case for abstention.

## III. CONCLUSION

Having made a "carefully considered judgment[,] taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise," I

12

determine that abstention is warranted in this case.[2]  <u>Colorado</u>
<u>River</u>, 424 U.S. at 818-19.  I decline, however, to dismiss
Friedman's claim, as requested by Prince-Herbert, and instead
stay the federal action pending the outcome of the California
state litigation.  <u>See</u> <u>Lumen Constr., Inc. v. Brant Constr. Co.</u>,
780 F.2d 691, 697-98 (7th Cir. 1986) (noting that a stay permits
the federal court to retain jurisdiction if the state action does
not result in a final decision on the merits).

SO ORDERED.

_____
Paul Barbadoro
United States District Court

June 2, 1997

cc:  Silas Little, III, Esq.
     Thomas B.S. Quarles, Jr., Esq.

---

[2]     I note that the decision to abstain from this diversity
case does not conflict with the goal of diversity jurisdiction to
protect out-of-state plaintiffs.  <u>See</u> <u>Villa Marina</u>, 947 F.2d at
537 n.7.  This action was removed to federal court by Prince-
Herbert, the same party who now moves for dismissal based on
abstention.