**Aida Iris ROMAN ALICEA, et al., Plaintiffs,**

v.

**ATLAS POWDER COMPANY, Defendant.**

**Civ. No. 86–0927 (RLA).**

United States District Court, D. Puerto Rico.

March 31, 1987.

Francisco M. Troncoso, San Juan, P.R., for plaintiffs.

Jorge I. Peirats and Edward M. Borges, O'Neill & Borges, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

ACOSTA, District Judge.

The present case is a diversity action for products liability against defendant, Atlas Powder Company, a manufacturer of electric blasting caps and other explosive materials. Plaintiffs claim that defects in the blasting caps produced by Atlas led to the death of their decedent, Eligio Serrano. Mr. Serrano was an employee of a drilling and blasting company working at a granite quarry in Puerto Rico when an accidental explosion took his life on May 9, 1984.

Before the Court is defendant's motion to dismiss the complaint or stay the proceedings[1] based on the *Colorado River* doctrine. *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The doctrine, although not one of abstention, is based on abstention-like rationales. Succinctly, the doctrine permits federal courts

1. Atlas' motion to stay or dismiss was filed on January 15, 1987. Plaintiffs filed their opposition on March 9, 1987 and on March 19, 1987 Atlas filed a supplemental motion.

to reject federal concurrent or parallel jurisdiction when wise judicial administration, concerns of comity and the comprehensive disposition of litigation warrant deference to ongoing state court proceedings involving essentially the same parties and legal issues. Thus, even though federal courts have a clear obligation to exercise the jurisdiction given them, they nonetheless can refuse to do so when there are exceptional circumstances weighing in favor of a state court resolution of a particular dispute. We find those circumstances present here; therefore, we will grant defendant's motion and dismiss this case.

## PROCEDURAL BACKGROUND

On May 2, 1985 plaintiffs filed suit in the Superior Court of Puerto Rico for the wrongful death of Mr. Serrano against nine defendants but not against Atlas.

Seven days later, on May 9, 1985, plaintiffs filed an identical suit in this Federal District Court but this time they included Atlas. The complaint, however, was dismissed for lack of jurisdiction on July 30, 1985 by Judge Gilberto Gierbolini. Apparently there was incomplete diversity of citizenship among the parties.

On May 30, 1986 plaintiffs amended the complaint they filed in the Superior Court of Puerto Rico to include Atlas. But on July 9, 1986 the Superior Court dismissed the complaint against Atlas based on plaintiffs' motion for voluntary dismissal.

Prior to the dismissal of Atlas in the Superior Court, on June 17, 1986, plaintiffs filed the instant suit against Atlas in this Court.

Finally, sometime in February 1987 Atlas was granted leave by the Puerto Rico Superior Court, Bayamón Part, to intervene as a defendant in the same Superior Court proceedings from which it previously had been dismissed as a main party defendant.

In sum, Atlas was made a defendant in the Superior Court proceedings at least 17 days before it was sued for the same cause in federal court. About 20 days thereafter Atlas was voluntarily dismissed from the Superior Court proceedings only to reappear as an intervenor about six months later.

## ARGUMENTS

Altas argues that this case should be dismissed because all the *Colorado River* factors for dismissal are present. Those factors, as expounded by the Supreme Court, are:

1. The order in which jurisdiction was obtained by the concurrent forums;

2. the inconvenience of the federal forum;

3. the desirability of avoiding piecemeal litigation; and

4. whether federal law supplies the rule of decision.

424 U.S. at 819, 96 S.Ct. at 1247.

Plaintiffs, on the other hand, argue against dismissal stating that a plaintiff's choice of forum should be highly respected. And that in this case the choice of a federal forum is significant for plaintiffs insofar as it permits them to have a trial by jury, an option not available in the local courts. Plaintiffs also argue that an award of damages by a federal jury is bound to be much higher than one obtained from a Superior Court bench trial.

■ Plaintiffs' first argument is a bit misguided. The fact that under Puerto Rico law plaintiffs are not entitled to a civil jury trial does not deny them their federal constitutional right to a jury trial. *See García Mercado v. Superior Court*, 99 P.R.R. 287, 297 (1970). The Seventh Amendment to the federal constitution speaks only to the individual right to a trial by jury in federal not state cases. State courts are left to the appropriate regulation of state law. Therefore, a litigant in a state court civil action has no right to a trial by jury under the Seventh Amendment. Nor can a federal court retain jurisdiction over a case which should be dismissed simply because it would be the only way to give plaintiff a jury trial he is otherwise not entitled to under state law.

■ Secondly, though we appreciate plaintiffs' candidness when they state that their main reason for wanting our jurisdic-

tion is the potentially higher judgment award they might get; this is not a sufficiently compelling reason to outweigh the *Colorado River* factors disfavoring our jurisdiction over the present case. We are reluctant to promote the type of judgment or forum shopping explicit in plaintiffs' argument. We note, by way of analogy only, that the Supreme Court has repeatedly held that the factor of which forum will provide the higher judgment is not a proper consideration for a *forum non conveniens* analysis. *See, e.g., Piper Aircraft v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Tramp Oil and Marine v. M/V Mermaid,* 743 F.2d 48 (1st Cir.1984). And we feel the same reasoning applies to the present case. In other words, though it may be common knowledge that most plaintiffs prefer the federal courts because they usually provide more generous awards than other jurisdictions, that factor is not a proper judicial consideration for determining what forum will provide the most efficient adjudication of a particular dispute. In the instant case, the maintenance of federal concurrent jurisdiction would be highly inefficient.

■ To maintain plaintiffs' actions both in this and the local court would be to unnecessarily duplicate proceedings and waste precious court resources. Plaintiffs can sue all defendants jointly and severally in the Superior Court but, for reasons of diversity, they can sue only Atlas in this Court. Though Atlas could bring the non-diverse defendants into this Court by way of a third-party complaint, this would unduly complicate the proceedings and further delay the just resolution of the actual and potential claims of *all* the parties involved, including, for example, any contribution claims among joint tortfeasors, etc. The result would be extended and non-comprehensive litigation. Yet this type of piecemeal litigation can clearly be avoided by letting the Superior Court adjudicate all these issues in one fell swoop. Thus, the Superior Court, rather than this Court, would be the most efficient and convenient forum for the present case.

The Superior Court not only obtained jurisdiction first but the proceedings there have been progressing quite rapidly with several depositions already scheduled or taken and with several motions resolved. In contrast, the proceedings before this Court have been marred by several requests by plaintiffs for extensions of time. No discovery has been scheduled and no substantial progress made.

Additionally, the present case being one in diversity there is no federal question or important federal interest involved. The rule of decision is entirely based on Puerto Rico law and the Superior Court of Puerto Rico is "... fully capable of adjudicating the facts and deciding the issue." *Fuller v. Ramón I. Gil, Inc.,* 782 F.2d 306, 311 (1st Cir.1986).

In conclusion, a careful balancing of the important factors applicable to this case, *see Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983), shows that the interests of "wise judicial administration ... conservation of judicial resources and comprehensive disposition of litigation ...", *Colorado River, supra* 424 U.S. at 817, 96 S.Ct. at 1246, are best served by the dismissal of the present action. The exceptional circumstances analyzed above warrant our deference to the ongoing state proceedings and outweigh plaintiffs arguments based on higher judgment awards as well as our obligation to exercise the limited jurisdiction given to us.

Therefore, defendant's motion to dismiss (Docket No. 10, filed January 15, 1987) is hereby GRANTED and this case is dismissed.

Judgment shall be entered accordingly.

IT IS SO ORDERED.