**Maria Marcano ARROYO, Plaintiff,**

v.

**K–MART INC., Defendant.**

**Civil No. 97–1986(HL).**

United States District Court,
D. Puerto Rico.

Sept. 17, 1998.

---

Miguel A. Perez–Vargas, San Juan, PR, for Maria Marcano–Arroyo, plaintiff.

Juan B. Soto–Balbas, Mercado & Soto, San Juan, PR, for K–Mart, Inc., defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is a motion by Defendant K–Mart, Inc. to have the Court stay this action pursuant to the abstention doctrine established in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Plaintiff María Marcano Arroyo ("Marcano") works at a K–Mart store in Juana Diaz, Puerto Rico. She brings this action under the Age Discrimination in Employment Act of 1967 ("ADEA").[1] She alleges that she was transferred from a position in which she was in charge of the store's clerical organization to a position in the store's warehouse. She claims that this transfer was done because of her age and was done as a plan to eventually discharge her. Because she brings this claim pursuant to ADEA, the Court has jurisdiction due to the existence of a federal question.[2]

Marcano filed her claim in this Court on June 27, 1997. In March 1996, Marcano had filed a similar claim in Puerto Rico Superior Court.[3] The parties are the same in both cases. In the Superior Court case, Marcano also claims that she was transferred to a less desirable position because of her age. The complaint in the local court case nowhere specifies under what statutes the claim is being brought, although it does state that Marcano has been a victim of abuse prohibited by the United States and Puerto Rico constitutions and state and federal laws which prohibit age discrimination. The same attorney is representing Marcano in both cases. K–Mart argues that because the Superior Court case is so similar to the present action, this Court should abstain and either dismiss or stay the present action. Marcano opposes this request for abstention. For the reasons set forth below, the Court denies K–Mart's request.

## DISCUSSION

In an action for damages, a federal court may stay, but not dismiss, an action based on principles of abstention. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 719–31, 116 S.Ct. 1712, 1722–28, 135 L.Ed.2d 1 (1996). A federal court's decision to abstain from hearing a case when a similar action is pending in state court should "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915 F.2d 7, 12 (1st Cir.1990) (*"Villa Marina I"*). A pending overlapping state court case is, by itself, not a sufficient basis to warrant abstention. *González v. Cruz,* 926 F.2d 1, 3 (1st Cir.1991). A federal court should abstain from exercising its duty to adjudicate a case only in exceptional circumstances. *Moses H. Cone Memorial Hosp. v. Mercury Constr.,* 460 U.S. 1, 14, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983) (quoting *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244). The Supreme Court in its *Colorado River* decision set out four factors for a federal court to consider in determining whether to abstain: (1) which court first assumed jurisdiction over any property involved; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the two courts obtained jurisdiction. 424 U.S. at 818, 96 S.Ct. at 1246–47. In its *Moses H. Cone* decision, the Supreme Court

---

1. 29 U.S.C.A. §§ 621 – 634 (West 1985 & Supp. 1998).

2. 28 U.S.C.A. § 1331 (West 1993).

3. Civil No. JPE 96–0035(602), Ponce Part. *See* civil no. 97–1986(HL), docket no. 7.

added the following two factors: (5) whether state or federal law controls and (6) the adequacy of the state court to protect the parties' rights. 460 U.S. at 23–27, 103 S.Ct. at 941–43. An additional factor that courts have considered is the issue of whether the federal lawsuit is vexatious or reactive in nature. *Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 50 (1st Cir.1995); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 532 (1st Cir. 1991) (*"Villa Marina II "*). No one of these factors is determinative. *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937; *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1247. These factors should not be mechanically applied; rather, they require a balancing based on the facts of each case. *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937; *Irizarry Pérez v. Mitsubishi Motors Corp.*, 758 F.Supp. 100, 101 (D.P.R.1991). The balance, however, should be "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937; *Grafica*, 48 F.3d at 50. The Court now proceeds to a consideration of these factors.

 K–Mart acknowledges—and Marcano does not contest—that the first two factors are not applicable to the present case. Thus, the Court will not consider them in its analysis. The third factor is the desirability of avoiding piecemeal litigation. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1247. The analysis with regard to this factor should focus not on the mere possibility of duplicative litigation, but on the implication and practical effect of litigating lawsuits arising out of the same incident in separate courts. *Grafica*, 48 F.3d at 51–52; *González*, 926 F.2d at 4. Abstention would not be warranted merely because related or identical issues would be decided by different courts. *Villa Marina I*, 915 F.2d at 16. The mere inefficiency that results from parallel proceedings is not sufficient to warrant abstention; there must be an exceptional basis that requires the case to proceed solely in state court. *Burns v. Watler*, 931 F.2d 140, 146 (1st Cir. 1991); *Irizarry Pérez*, 758 F.Supp. at 102. In order for a court to justify abstention, there must be a potential for unfairness or harm caused by there being parallel proceedings. *González*, 926 F.2d at 4.

Here, there are similar cases that are considering almost identical issues. K–Mart argues that there will be duplicative litigation between this case and the Superior Court case and that therefore the Court should abstain from hearing this case. The Court agrees that there may be duplicative litigation between the federal and Superior Court proceedings. However, the fact that there may be duplication is not, by itself, sufficient to justify abstention. If this Court is to abstain, there must be an exceptional basis or some potential harm arising from this duplication. K–Mart claims that it will have to conduct discovery twice, one time for each case. K–Mart, however, fails to explain why it will be subject to double discovery, and it is unclear to the Court why this would be so. Presumably, once a particular factual issue is discovered, be it through document production, deposition, or interrogatories, the discovered evidence could be used for both the Superior Court and federal court cases. Marcano's attorney is the same in both cases, and the Court sees no reason why K–Mart will have to do the same work twice. Simply because there are two cases does not mean that K–Mart will have to produce, for example, the same document twice, or hold the same deposition twice. Even if such duplication would be necessary, at most K–Mart would have to make two copies of a document instead of one. Having to make an extra set of discovered documents is hardly the kind of hardship or exceptional situation that would warrant abstention.

K–Mart further asserts that this double discovery "could result in different rulings regarding the same point of law." K–Mart, however, fails to provide an example of what kind of inconsistent rulings might arise. There cannot be inconsistent rulings on discovery issues, because each court has its own set of procedural rules. And any substantive ruling in one court may be invoked by a party in the other court under the doctrines of res judicata or issue preclusion. At any rate, abstention is not justified merely because the Superior Court and this Court might be ruling on identical issues. *See Villa Marina I*, 915 F.2d at 16. K–Mart has not presented any argument or evidence of a potential harm or exceptional basis that

would justify abstention. Thus, this factor does not favor abstention.

■ The fourth factor to consider is the order in which the two courts obtained jurisdiction. *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1247. Priority in this factor should not be measured solely based on which complaint was filed first. *Moses H. Cone,* 460 U.S. at 21–22, 103 S.Ct. at 940; *Grafica,* 48 F.3d at 52; *Irizarry Pérez,* 758 F.Supp. at 101. Rather, a court should make its decision based on the *relative progress of the two cases. Moses H. Cone,* 460 U.S. at 21–22, 103 S.Ct. at 940. Abstention may be warranted where a considerable amount of time has elapsed, substantial discovery has already been conducted, or significant proceedings have been held in the state court case. *See, e.g., Nakash v. Marciano,* 882 F.2d 1411, 1413, 1415 (9th Cir.1989) (Abstention was warranted where state court case had been filed four years earlier and proceedings in state court case included 70 hearings, 100 depositions, and the production of 300,000 documents); *Fuller Co. v. Ramon I. Gil, Inc.,* 782 F.2d 306, 310 (1st Cir.1986) (The fact that Puerto Rico court had obtained jurisdiction four years before filing of federal action militated against allowing case to proceed in federal court); *Telesco v. Telesco Fuel and Masons' Materials, Inc.,* 765 F.2d 356, 363 (2d Cir.1985) (There were sufficient grounds to abstain where state court case had been commenced five years earlier, substantial discovery had been conducted, and interlocutory decisions had been issued by the state court); *see also Moses H. Cone,* 460 U.S. at 22 n. 26, 103 S.Ct. at 940 n. 26 (District court's abstention was not proper when no substantial proceedings had taken place in the state court case and the parties in the federal case had already submitted briefs, affidavits, and documentary evidence on contested issue); *Grafica,* 48 F.3d at 52 (Abstention was not warranted when state court action consisted of an appeal of a dismissal for lack of personal jurisdiction; if the dismissal was affirmed the state action would be ended and if the dismissal was reversed the state action would be back at the beginning of the litigation process).

In the present dispute, the Superior Court claim was filed in March 1996, fifteen months before the federal court claim was filed on June 27, 1997. In its motion, K–Mart claims that the Superior Court case was set for trial in December 1997. Thus, the local court case is significantly more advanced than the federal case. K–Mart has not filed a motion after December 1997 to inform the Court whether the trial was indeed held in December or what is the status of the proceedings there. Thus, the Court will consider that the Superior Court case is still pending. At any rate, because it appears that the Superior Court case has either gone to trial or is close to going trial, this factor favors abstention.

■ The fifth factor is whether federal or state law controls. *Moses H. Cone,* 460 U.S. at 23–26, 103 S.Ct. at 941–42. The mere fact that a case is governed by state law does not warrant abstention. *González,* 926 F.2d at 5. A federal court's surrender of jurisdiction is proper when the case presents a complex question of state law. *Villa Marina II,* 947 F.2d at 534. However, a federal law issue should strongly influence a federal court to maintain jurisdiction. *Moses H. Cone,* 460 U.S. at 26, 103 S.Ct. at 942; *Colorado River,* 424 U.S. at 815 n. 21, 96 S.Ct. at 1245 n. 21 ("Indeed, the presence of a federal basis for jurisdiction may raise the level of justification needed for abstention."); *Martinez v. Newport Beach City,* 125 F.3d 777, 785 (9th Cir.1997); *Irizarry Pérez,* 758 F.Supp. at 102. "[T]he presence of federal law issues must always be a major consideration weighing against surrender" of federal jurisdiction. *Moses H. Cone,* 460 U.S. at 26, 103 S.Ct. at 942.

In the present case, K–Mart failed to mention this factor in its brief. This omission is understandable, given the fact that this factor overwhelmingly tilts towards a denial of the request to abstain. In her federal court claim, Marcano raises a claim only under ADEA, a federal law. It is unclear whether she is also making an ADEA claim in her Superior Court case. Thus, because the federal court case contains a federal question claim, this factor greatly favors retention of jurisdiction.

■ The sixth factor to consider is the adequacy of the state forum to protect the

parties' rights. *Moses H. Cone*, 460 U.S. at 26–27, 103 S.Ct. at 942–43. If the state court is inadequate to protect these rights, the federal court should not surrender jurisdiction. *Villa Marina II*, 947 F.2d at 536; *Irizarry Pérez*, 758 F.Supp. at 102. In Puerto Rico's local courts, civil plaintiffs are not entitled to jury trials; in the federal courts, plaintiffs do have the right to a jury trial. This right provided by the federal, but not the local, forum makes federal litigation more advantageous to plaintiffs. *Villa Marina II*, 947 F.2d at 537.[4]

In the present case, K–Mart argues that because the local court will be applying a burden more favorable to Marcano, Superior Court is the forum that will more adequately protect her rights. The different burdens to which K–Mart is referring are those in ADEA and Puerto Rico's employment discrimination statute, Law 100. *See generally Alvarez–Fonseca v. Pepsi Cola of Puerto Rico Bottling Co.*, 152 F.3d 17, 1998 WL 432081, at *9–10 (1st Cir. Aug.5, 1998). If as K–Mart argues, however, if the Superior Court claim is one only under Law 100 and the federal court claim is one only under ADEA, then the federal and local court claims are distinct, and not parallel, cases. *Cf. Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 725 (1st Cir.1994) ("ADEA and Law 100 awards serve *different* ends and represent *distinct* types of damage awards.") (emphasis added). The difference between the two claims undermines K–Mart's assertion that there are parallel proceedings in the two courts. The abstention doctrine is applicable only if there are parallel proceedings. Additionally, if the Court abstained from exercising jurisdiction over this case, Plaintiffs would be denied access to a jury trial. Accordingly, this factor favors retention by the Court.

The last factor to consider is the motivation for the federal lawsuit. *Moses H. Cone*, 460 U.S. at 17 n. 20, 103 S.Ct. at 937–38 n. 20; *Villa Marina II*, 947 F.2d at 533–34. Abstention would be appropriate if the plain-

tiff's motives for bringing the federal suit were vexatious or in reaction to the local court case. *Villa Marina I*, 915 F.2d at 15; *Fuller*, 782 F.2d at 309–10; *Fumero–Vidal v. First Fed. Sav. Bank*, 788 F.Supp 1275, 1282 (D.P.R.1992). In the case before the Court, there is no evidence or indication that Plaintiffs' motives for bringing this federal suit were vexatious or reactive in nature. Accordingly, this factor does not favor abstention.

In conclusion, the first two factors are not applicable to the case before the Court. The fourth factor favors abstention. However, as discussed in the above corresponding sections on the fifth and sixth factors, because the federal court case is one under a federal law and because it is not clear that there are in fact parallel local and federal cases, there is overwhelming weight against abstention. The balance should be "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937. Therefore, the Court will not abstain from hearing this case. K–Mart's motion to stay this case (Docket no. 3) is hereby **denied.** The Court hereby **orders** K–Mart to file an answer by **October 5, 1998.**

**IT IS SO ORDERED.**

---

**4.** The First Circuit in *Villa Marina II* also held that the absolute right to appeal in federal court was an important consideration favoring retention. *See* 947 F.2d at 537. A plaintiff bringing an action in Puerto Rico's local courts now has this same absolute right to appeal. *See* 4 L.P.R.A.App. XXII § 14 (Supp.1997). Because both federal and local courts now provide the same right, this consideration no longer favors retention.