Marilyn **SOTO LEBRON**, Plaintiff,

v.

**M & G FOOD SERVICE, INC.,**
et al., Defendants.

**No. CIV.99–2020 SEC.**

United States District Court,
D. Puerto Rico.

May 11, 2000.

Nydia González–Ortíz, Santiago & González, Yauco, P.R., for Plaintiffs.

Godwin Aldarondo–Girard, San Juan, P.R., for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

### Background

This is an action under Title VII for discrimination on account of sex due to pregnancy. Before the Court is defendants M & G Food Service, Inc. and Guy B. Gómez's motion to dismiss or stay grounded on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and its progeny (Docket #5). For the reasons set forth below, defendants' motion is denied.

### Applicable Law

■ The Supreme Court in *Colorado River* established a narrow[1] doctrine allowing district courts to stay or dismiss a federal action because of parallel state-court litigation. The Court recognized that while federal courts have a "virtually unflagging obligation" to exercise their jurisdiction, exceptional circumstances

---

1. *See, e.g., Elmendorf Grafica, Inc. v. D.S. America (East), Inc.,* 48 F.3d 46, 50 (1st Cir. 1995); *Burns v. Watler,* 931 F.2d 140, 145 (1st Cir.1991); *Fumero–Vidal v. First Fed. Sav. Bank,* 788 F.Supp. 1275, 1282 (D.P.R.1992).

premised on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation[,]" 424 U.S. at 817–18, 96 S.Ct. 1236 (citations omitted), may sometimes permit the dismissal of a federal action which is duplicative of a pending state proceeding. The Court in *Colorado River* articulated an "exceptional circumstances" test of four factors which district courts should consider in assessing whether dismissal is appropriate: (1) whether either the federal or the state court has assumed jurisdiction over property, (2) "the inconvenience of the federal forum," (3) "the desirability of avoiding piecemeal litigation," and (4) "the order in which jurisdiction was obtained by the concurrent forums." *Id.* at 818, 96 S.Ct. 1236 (citations omitted).

In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court listed two additional considerations which may be factored in the district court's assessment of the appropriateness of dismissal: (5) whether federal or state law controls (the "source-of-law factor"), and (6) "the probable adequacy of the state-court proceeding to protect ... [the parties'] rights." *Id.* at 23–26, 103 S.Ct. 927.

Another factor considered by some courts is the motivation for the federal lawsuit; particularly, whether it is vexatious or reactive in nature. *See Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 50 (1st Cir.1995); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 537 (1st Cir.1991), *cert. denied*, 503 U.S. 986, 112 S.Ct. 1674, 118 L.Ed.2d 393 (1992) (hereinafter *"Villa Marina II"*); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 15 (1st Cir.1990) (hereinafter *"Villa Marina I"*); *Fuller Company v. Ramon I. Gil, Inc.*, 782 F.2d 306, 309–10 (1st Cir.1986); *Marcano Arroyo v. K–Mart, Inc.*, 24 F.Supp.2d 169, 172 (D.P.R.1998); *Fumero–Vidal v. First Fed. Sav. Bank*, 788 F.Supp. 1275, 1282 (D.P.R.1992).

"No one factor," however, "is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. 1236 (citations omitted). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. 927 (emphasis added). Ultimately, "the decision whether to defer to the state court is necessarily left to the discretion of the district court in the first instance," subject to reversal only for an abuse of that discretion. *Id.* at 19, 103 S.Ct. 927.

Recently, however, the Supreme Court held that while district courts may stay or dismiss an action based on abstention principles where the relief sought is equitable or otherwise discretionary, they may only stay, but not dismiss, a damages action based on those principles. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 1722–28, 135 L.Ed.2d 1 (1996). After a thorough examination, the Court concluded that:

> [Our precedents] demonstrate that the power to dismiss ... [based on abstention principles] ... derives from the discretion historically enjoyed by the courts of equity.... Ultimately, what is at stake is a federal court's decision, based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the "independence of state action," that the State's interests are paramount and that a dispute would best be adjudicated in a state forum.

*Id.* at 1726, 116 S.Ct. 1712 (citations omitted).

The First Circuit has not taken the Court's words in *Quackenbush* lightly and has avoided hair-splitting, stating the law as follows: "the Supreme Court held that abstention, under *Burford* or otherwise, may be appropriate in suits for damages. But the Court further held that in a damages action, the district court may only order a stay pending resolution of state proceedings; *it cannot invoke abstention to dismiss the suit altogether.*" *DeMauro v. DeMauro,* 115 F.3d 94, 98 (1st Cir.1997) (citations omitted) (emphasis added). "This rule," as the circuit court noted, "may seem rather wooden, given the merger of law and equity, but the Court means what it says . . . ." *Id.* This being an action in damages, the Court may not dismiss it altogether. Our analysis thus turns to whether, in the circumstances that obtain, a stay would be appropriate.

■ Defendants concede—and plaintiff does not dispute—that the first factor—whether either court has assumed jurisdiction over property—is of no consequence in this case. Also, defendants do not allege that this action is ill-motivated, or reactive or vexatious in nature. Therefore, the Court will direct its analysis to the remaining factors, "giving weight to the heavy presumption favoring the exercise of jurisdiction." *Villa Marina I,* 915 F.2d at 13.

### Order in Which Jurisdiction Was Obtained

With regard to this factor, the Supreme Court has advised that it should "be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured ex-clusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone,* 460 U.S. at 22, 103 S.Ct. 927.

It is undisputed that the Commonwealth court first obtained jurisdiction over plaintiff's claims. The state-court complaint was filed by plaintiff, in conjunction with her husband, on June 8, 1999. Plaintiff's husband is not a party to this action. Moreover, in the instant complaint plaintiff included McDonald's Corporation as a defendant, but not in her state-court complaint. Plaintiff's state-court complaint was filed pursuant to the summary procedure applicable to employment claims set forth in Law No. 2 of October 17, 1961, P.R. Laws Ann. tit. 32, § 3118–3132 (1990). On October 28, 1999, a status conference was held before the state court. A pretrial conference was set for January 21, 2000, although the Court is not able to determine from the file whether or not it ever took place. Moreover, from the state-court minutes it appears that some discovery was discussed at the status conference held on October 28.[2] Overall, plaintiff's state-court suit is relatively, though not considerably, more advanced than this suit.

### Desirability of Avoiding Piecemeal Litigation

Regarding the third factor, the First Circuit has stated that, "in considering whether the concern for avoiding piecemeal litigation should play a role in . . . [a given] case, the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in the . . . [state court]."

---

**2.** Both under Rule 12(b)(6) and 12(c), the trial court is precluded from considering matters extraneous to the pleadings. Regardless of whether this rule is also applicable to motions to dismiss under *Colorado River,* it is now settled that in ruling upon a motion to dismiss, the trial court may consider "matters fairly incorporated within [the complaint] and matters susceptible to judicial notice." *Cruz v. Melecio,* 204 F.3d 14, 21 (1st Cir.2000). Accordingly, the Court will consider Exhibits I (plaintiff's state-court complaint), III (defendant's state-court answer) and IV to the instant motion (state-court minutes). However, the Court refrains from considering Exhibit II.

*Villa Marina I,* 915 F.2d at 16. The First Circuit has given "most weight to this factor where piecemeal litigation would severely prejudice one of the parties." *Rojas–Hernandez,* 925 F.2d at 496 (citations omitted).

Litigating this case simultaneously with the state does not present problems that go beyond the "routine inefficiency that is the inevitable result of parallel proceedings." *Villa Marina I,* 915 F.2d at 16. Duplication, by itself, does not justify surrendering jurisdiction. *See Elmendorf Grafica, Inc.,* 48 F.3d at 52; *Rojas–Hernandez v. Puerto Rico Elec. Power Auth.,* 925 F.2d 492, 496 (1st Cir.1991). Defendants contend "there is a further risk of inconsistent determinations of whether plaintiff's allegations are true or not." (Docket # 5, at 9). In *Rojas–Hernandez,* the First Circuit addressed a similar contention as follows:

> The only factor that may possibly weigh in favor of the surrender of jurisdiction in this case is the possibility of piecemeal adjudication. Both actions here derive from the same transaction, involve the same parties and the same causes of action. Litigating appellant's claim in federal court and his family's claims in commonwealth court will result in duplication and a less than efficient allocation of judicial resources. Nevertheless, under *Colorado River* and *Moses H. Cone,* such inefficiency as results merely from a duplication of effort will not, by itself, justify the surrender of federal jurisdiction. Rather, the narrow exception exists only where piecemeal adjudication gives rise to special complications. *See Colorado River,* 424 U.S. at 819, 96 S.Ct. at 1247 (emphasizing the federal policy of avoiding piecemeal adjudication of water rights given the highly interdependent nature of such claims).
>
> Applying the *Colorado River* doctrine, this Circuit has distinguished between the problems created by piecemeal adjudication and the mere duplication of

proceedings, giving most weight to this factor where piecemeal litigation could severely prejudice one of the parties. *See, e.g., Liberty Mutual Ins. Co. v. Foremost–McKesson, Inc.,* 751 F.2d 475, 477 (1st Cir.1985) (noting that inconsistent determinations in parallel proceedings could leave litigant "without sufficient insurance coverage after years of paying premiums"); *see also Gonzalez v. Cruz,* 926 F.2d 1, 4 (1st Cir.1991) (noting complications for insurer that might result from inconsistent determinations of liability in the federal suit against alleged tortfeasor and the commonwealth suit against insurance company); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915 F.2d 7, 16 (1st Cir.1990) (suggesting that "the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in [state] court") (emphasis supplied).

In this case, the parallel proceedings in commonwealth and federal court do not create significant potential for prejudice from piecemeal litigation. Judgment in one case may be res judicata in the other, thereby ensuring consistency. On the other hand, even if the cases are resolved inconsistently, there is no risk of result as harsh as those with which we were concerned in *Liberty Mutual.* Moreover, unlike the determination of water rights at issue in *Colorado River,* inconsistent results here would be unlikely to give rise to further litigation. Thus, the possibility of duplicative or piecemeal adjudication in this situation does not justify the surrender of federal jurisdiction, particularly given the absence of any other factor weighing in favor of such a surrender.

925 F.2d at 496–97. · The above-quoted principles are applicable here as well. Therefore, the desire to avoid piecemeal adjudication does not weigh in favor of a stay in this case.

### Source–of–Law Factor

Regarding this fifth factor, the Supreme Court emphasized that while the presence of state-law issues will rarely tip the balance in favor of surrendering jurisdiction, "the presence of federal issues must always be a major consideration weighing against surrender." *Moses H. Cone,* 460 U.S. at 25, 103 S.Ct. 927. This action being premised solely on federal law, this factor clearly weighs in favor of the exercise of jurisdiction.

### Adequacy of the State Forum to Protect the Parties' Rights

The First Circuit in *Villa Marina II* suggested that the adequacy factor is "significant only as an indication that ... [a stay]—if affirmatively warranted based on other factors—would not prejudice the federal court plaintiff." 947 F.2d at 536. Furthermore, the circuit court acknowledged that the right to a jury trial—a right not available in Commonwealth civil trials—makes the federal forum more advantageous to plaintiff. *See id.* at 537. Accordingly, this factor should not be counted in favor of staying this action.

### Conclusion

For the foregoing reasons, the Court concludes that defendants have not demonstrated that the requisite exceptional circumstances exists which would warrant staying the instant action. Only the "clearest of justifications" require such an outcome. Accordingly, defendants' motion to dismiss (Docket # 5) is hereby **DENIED.**

On another matter, the Court notes that plaintiff in her complaint names McDonald's Corporation as a defendant. However, she has not served, nor attempted to serve, process upon this entity. As more that 120 days have passed since the filing of the complaint, plaintiff is hereby **ORDERED TO SHOW CAUSE** within **ten (10) days** from the filing date of this order, why this case should not be dismissed against McDonald's Corporation. Failure to comply with this order will result in the dismissal of this action against said defendant.

**SO ORDERED.**