Ana Lydia OLIVO GONZALEZ, et al.  Plaintiffs

v.

**TEACHER'S RETIREMENT BOARD, et al.  Defendants**

No. CIV. 01–1580(SEC).

United States District Court, D. Puerto Rico.

June 12, 2002.

Laura Maldonado–Rodríguez, Esq., San Juan, Marcos A. Rivera–Ortiz, Esq., Carolina, for Plaintiffs.

Salvador Antonetti–Stutts, Carlos M. Aquino–Ramos and Jo–Ann Estades–Boy-

er, Esqs., Department of Justice of P.R., Federal Litigation Division, Suzette M. Del Valle–Lecaroz, Esq., San Juan, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is the Honorable Juan Antonio Flores Galarza, Raul Corales Ramos, Ivonne Oritz Balladares, Irma A. Jimenez Lopez and Jose Figuero's ("Defendants") motion to dismiss the complaint for a failure to state a claim (**Docket # 13**), and Irma Gimenez Lopez, Ivonne Ortiz Balladares, Raul Corales Ramos and the Teacher's Retirement Board's motion to dismiss for a failure to state a claim and for a lack of diversity (**Docket # 11**).[1] Plaintiffs Ana Olivo Gonzalez and Jose Manuel Gonzalez Cruz have filed an opposition to Defendants' motions (**Docket # 18**). After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the Court finds that some of Defendants' motion (**Docket # 13**) should be granted, but the other Defendants' motion (**Docket # 11**) should be denied.

## Jurisdiction

The Court's subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 42 U.S.C. §§ 2000e to 2000e–17 (Title VII of the Civil Rights Act of 1964, as amended) ("Title VII"), and 42 U.S.C. § 1981 (Civil Rights Act of 1866, as amended) ("Section 1981"). The Plaintiff also alleges that this Court has supplemental jurisdiction over her Commonwealth of Puerto Rico claims pursuant to 28 U.S.C. § 1367. The parties do not contest that this is the proper venue.

## Background

In this action, Plaintiff Ana Lydia Olivo Gonzalez ("Plaintiff") brings claims against her employer the Teacher's Retirement Board as well as the Honorable Juan Antonio Flores Galarza, Raul Corales Ramos, Ivonne Oritz Balladares, Irma A. Jimenez Lopez and Jose Figuero. The individuals are being sued in both their personal and official capacities. Plaintiff alleges race discrimination in violation of Title VII and Section 1981.

Plaintiff alleges that, during her employment at the Teacher's Retirement Board, Defendants have subjected her to race discrimination in the terms and conditions of her employment, which has resulted in a hostile working environment. Specifically, Plaintiff alleges that she has been singled out for particularly rough treatment in the form of harassment, hazing and insulting epithets. In addition, Plaintiff alleges that she has been refused promotions and consideration for positions based solely on the color of her skin. Plaintiffs' complaint contains two causes of action. The first is an allegation of discrimination in the terms, conditions and privileges of employment, in violation of Title VII. The second cause of action is an alleged violation of Plaintiff's contractual rights under Section 1981. Plaintiffs seek a declaratory judgment, injunctive relief, promotion, compensatory and punitive damages, costs and attorney's fees. Plaintiffs also demand a jury trial.

## Applicable Law Analysis

### 1. Rule 12(b)(6) Standard

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508

---

1. Because this is a federal question case, diversity is not an issue before the Court.

(1st Cir.1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Davis v. Monroe County Bd. of Education*, 526 U.S. 629, 119 S.Ct. 1661, 1676, 143 L.Ed.2d 839 (1999). *See also Correa–Martínez v. Arrillaga–Beléndez*, 903 F.2d 49, 52 (1st Cir.1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir.1997) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.*

In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle*, 142 F.3d at 508 (*quoting Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). *See also Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999). Moreover, Courts "will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir.1993).

**a. Docket # 13**

■ In the first cause of action Plaintiffs bring a claim under Title VII, which provides in relevant part that "[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race ...." 42 U.S.C. § 2000e–2(a)(1). In their motion to dismiss the complaint, the individual Defendants claim that Title VII does not generally allow for the imposition of individual liability.

The issue of individual liability under Title VII, although not yet decided by the First Circuit Court of Appeals, has been reached on several occasions by the District Court of Puerto Rico; and each time, this Court has followed the majority of other federal courts by interpreting the statute against the imposition of individual liability. *See Maldonado–Cordero v. AT & T*, 73 F.Supp.2d 177, 184 (D.P.R.1999) ( holding that "Title VII's language and legislative history do not support holding individuals liable under the statute"); *Canabal v. Aramark Corp.*, 48 F.Supp.2d 94, 96 (D.P.R.1999) (same); *Acevedo Vargas v. Colon*, 2 F.Supp.2d 203, 206 (D.P.R.1996) (same); *Pineda v. Almacenes Pitusa, Inc.*, 982 F.Supp. 88, 92–93 (D.P.R.) (same); *Contreras Bordallo v. Banco Bilbao Vizcaya de Puerto Rico*, 952 F.Supp. 72, 73 (D.P.R.1997) (same); *Hernandez v. Wangen*, 938 F.Supp. 1052, 1063 (D.P.R.1996) (same).

Based on this precedent, and Plaintiffs' failure to provide any justification why we should not follow it, the Court will not extend individual liability to the individual Defendants under Title VII. Accordingly, Plaintiffs' Title VII cause of action against the individual Defendants, in their personal capacity, is dismissed. Plaintiffs' Section 1981 cause of action against the same Defendants remains pending.

### b. Docket # 11

The other motion to dismiss requests that the Court dismiss the complaint based on the doctrines of abstention and qualified immunity. Plaintiffs counter by arguing that the doctrine of qualified immunity does not protect the Defendants from a violation of clearly established constitutional or statutory rights, and that the Court should not abstain pursuant to the doctrine announced in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

### i. Qualified Immunity

■ Defendants invoke the doctrine of qualified immunity in support of their motion to dismiss. The defense of qualified immunity is available to government officials acting in the scope of their employment. It protects them from liability arising from discretionary action within the scope of their employment, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Interpreting *Harlow*, the First Circuit has established a three-part inquiry to determine whether or not the doctrine of qualified immunity applies in a given situation.

First, the district court "must determine whether the plaintiff has alleged the deprivation of an actual constitutional right," *Abreu–Guzmán v. Ford*, 241 F.3d 69, 73 (1st Cir.2001) (quoting *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)), then "the court must proceed to determine whether that right was clearly established at the time of the alleged violation." *Id.* If these two ques-

tions are answered in the affirmative, the court then proceeds to determine "whether an objectively reasonable officer, performing discretionary functions, would have understood his or her conduct violated that clearly established constitutional right." *Id.* (citing *Harlow*, 457 U.S. at 818–19, 102 S.Ct. 2727).

■ In this case, the answer to the first two inquiries is in the affirmative. Plaintiff has alleged a violation of her right to be free from racial discrimination. *See Tang v. State of Rhode Island*, 120 F.3d 325 (1st Cir.1997). This is a recognized constitutional and statutory right that was clearly established at the time of the alleged violation. Moreover, the complaint contains sufficient factual allegations which, if proven at trial, might establish that an objectively reasonable government actor, performing discretionary functions, would have understood their conduct to violate Plaintiff's statutory or constitutional rights.

Since the issue of qualified immunity has been raised in the context of a motion to dismiss, and we conclude that the complaint contains sufficient factual allegations that could prohibit Defendants' reliance on the doctrine of qualified immunity, the Court can proceed no further. However, Defendants are free to raise this issue in the context of a motion for summary judgment.

### ii. Colorado River Abstention

Defendants argue that this Court should dismiss Plaintiffs' federal complaint because she has also filed administrative complaints before the Commonwealth's Administrative Board of Appeals, known by its Spanish acronym "JASAP," based on the same alleged discriminatory conduct by Defendants. The Supreme Court in *Colorado River* established a narrow[2]

---

**2.** *See, e.g., Elmendorf Gráfica, Inc. v. D.S.* *America (East), Inc.*, 48 F.3d 46, 50 (1st Cir.

doctrine allowing district courts to stay or dismiss a federal action because of parallel state-court litigation. The Court recognized that while federal courts have a "virtually unflagging obligation" to exercise their jurisdiction, exceptional circumstances premised on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation[,]" 424 U.S. at 817–18, 96 S.Ct. 1236 (citations omitted), may sometimes permit the dismissal of a federal action which is duplicative of a pending state proceeding. The Court in *Colorado River* articulated an "exceptional circumstances" test of four factors which district courts should consider in assessing whether dismissal is appropriate: (1) whether either the federal or the state court has assumed jurisdiction over property, (2) "the inconvenience ·of the federal forum," (3) "the desirability of avoiding piecemeal litigation," and (4) "the order in which jurisdiction was obtained by the concurrent forums." *Id.* at 818, 96 S.Ct. 1236 (citations omitted).

In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court listed two additional considerations which may be factored in the district court's assessment of the appropriateness of dismissal: (5) whether federal or state law controls (the "source-of-law factor"), and (6) "the probable adequacy of the state-court proceeding to protect ... [the parties'] rights." *Id.* at 23–26, 103 S.Ct. 927.

Another factor considered by some courts is the motivation for the federal lawsuit; particularly, whether it is vexatious or reactive in nature. *See Elmendorf Gráfica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 50 (1st Cir.1995); *Villa Mari-*

na Yacht Sales, Inc. v. Hatteras Yachts, 947 F.2d 529, 537 (1st Cir.1991), *cert. denied,* 503 U.S. 986, 112 S.Ct. 1674, 118 L.Ed.2d 393 (1992) (hereinafter *"Villa Marina II "*); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915 F.2d 7, 15 (1st Cir.1990) (hereinafter *"Villa Marina I "*); *Fuller Company v. Ramón I. Gil, Inc.,* 782 F.2d 306, 309–10 (1st Cir.1986); *Marcano Arroyo v. K–Mart, Inc.,* 24 F.Supp.2d 169, 172 (D.P.R.1998); *Fumero–Vidal v. First Fed. Sav. Bank,* 788 F.Supp. 1275, 1282 (D.P.R.1992).

■■■ "No one factor," however, "is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal." *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. 1236 (citations omitted). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927 (emphasis added). Ultimately, "the decision whether to defer to the state court is necessarily left to the discretion of the district court in the first instance," subject to reversal only for an abuse of that discretion. *Id.* at 19, 103 S.Ct. 927.

Recently, however, the Supreme Court held that while district courts may stay or dismiss an action based on abstention principles where the relief sought is equitable or otherwise discretionary, they may only stay, but not dismiss, a damages action based on those principles. *Quackenbush*

1995); *Burns v. Watler,* 931 F.2d 140, 145 (1st Cir.1991); *Fumero–Vidal v. First Fed. Sav.*

*Bank,* 788 F.Supp. 1275, 1282 (D.P.R.1992).

*v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 1722–28, 135 L.Ed.2d 1 (1996). After a thorough examination, the Court concluded that:

> [Our precedents] demonstrate that the power to dismiss ... [based on abstention principles] ... derives from the discretion historically enjoyed by the courts of equity.... Ultimately, what is at stake is a federal court's decision, based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the "independence of state action," that the State's interests are paramount and that a dispute would best be adjudicated in a state forum.

*Id.* at 1726 (citations omitted).

■ The First Circuit has not taken the Court's words in *Quackenbush* lightly and has avoided hair-splitting, stating the law as follows: "the Supreme Court held that abstention, under *Burford* or otherwise, may be appropriate in suits for damages. But the Court further held that in a damages action, the district court may only order a stay pending resolution of state proceedings; *it cannot invoke abstention to dismiss the suit altogether.*" *DeMauro v. DeMauro*, 115 F.3d 94, 98 (1st Cir.1997) (citations omitted) (emphasis added). "This rule," as the circuit court noted, "may seem rather wooden, given the merger of law and equity, but the Court means what it says ...." *Id.* This being an action in damages, the Court may not dismiss it altogether. Our analysis thus turns to whether, in the circumstances that obtain, a stay would be appropriate.

■ The Court does not believe abstention is appropriate in this case for the reasons that follow. First, the complaints filed locally are situated in an administrative forum with a limited jurisdiction, which may only rule upon personnel transactions in violation of administrative rules of the public entity and violations of Puerto Rico's Personnel Law. 3 P.R. Laws Ann. § 1331, *et seq.* Second, the administrative forum has no jurisdiction to award money damages or to consider a tort action. Third, that forum does not have jurisdiction to resolve disputes based on federal statutes or the Constitution of the United States of America. Fourth, in the administrative forum, all of the Defendants are sued in their official capacity; whereas the federal suit names the board members in their official and personal/individual capacities.

Based on these differences, it is clear that the local and federal fora are not "parallel proceedings," under *Colorado River*. As such, Defendants' request for abstention is denied.

**Conclusion**

Based on the discussion above, Plaintiffs' case remains as follows:

1. The Title VII claim remains pending against her employer, the Teacher's Retirement Board;

2. The Section 1981 claim remains pending against all of the named Defendants.[3] However, Defendants may raise the issue of qualified immunity in a subsequent motion for summary judgment.

3. Docket # 11 is **Denied.**

---

**3.** Although the parties do not discuss these items in their motions, the Court notes that the following issues will necessarily be before the Court in the future:

1. Whether Plaintiffs' claim for money damages under Section 1981, against the Teacher's Retirement Board, is barred by Eleventh Amendment Immunity;

2. To what extent is individual liability available under Section 1981.

The parties should be prepared to discuss these issues.

4. Docket # 13 is **Granted** inasmuch as the claims for individual liability, are dismissed under Title VII.

**SO ORDERED.**